Hunter Stone Co. v. Woodard.

HUNTER STONE COMPANY *v.* WOODARD, TREASURER.

[No. 18,612. Filed April 21, 1899.]

TAXATION.—*Corporations.* — *Listing Omitted Property by County Assessor.*—Where a private corporation had, in good faith, made out and delivered to the proper township assessor a verified schedule of its property, as provided by section 73 of the general tax law of 1891 (Acts 1891, p. 241), the failure thereafter of the county board of review to make any assessment for taxes against the property, did not preclude the county assessor from listing for taxation the property of such corporation. *pp. 476-479.*

SAME.—*Listing Omitted Property by County Assessor.*—The failure of the county assessor, on listing omitted property for taxation,

to file in the county auditor's office a statement of his reasons for listing the property will not render the assessment invalid, where there is no other assessment against the owner of such omitted property. *pp. 478, 479.*

From the Monroe Circuit Court. *Affirmed.*

*H. C. Duncan* and *I. C. Batman,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellee.

BAKER, J.—Appellant sought to enjoin the treasurer of Monroe county from collecting taxes for 1897 on property listed by the county assessor. The complaint alleges that the company is a domestic manufacturing corporation located in Monroe county; that between April 1 and June 1, 1897, the company made out and delivered to the proper township assessor the sworn statement required by section 73 of the general tax law of 1891, section 8491 Burns 1894, section 6337 Horner 1897; that the county board of review met in June, but failed to make any assessment of any kind against the company as required by section 74, section 8492 Burns 1894, section 6338 Horner 1897; that on November 1, 1897, the county assessor, without giving any notice, and without describing in any way the property, its value or kind, and without filing with the auditor any statement of any reason for making the assessment or of any facts or evidence on which the assessment was based, assessed the company to the amount of $17,000, on which the auditor computed taxes in the sum of $370.60 and entered them in the tax duplicate for 1897; that the auditor delivered the duplicate to appellee as county treasurer, who is about to enforce collection, etc.

The answer is as follows: "That at the meeting of the county board of review of Monroe county, Indiana, in 1897, the auditor of said county failed to lay before said board the schedule and statement herein required to be returned to him as provided by section 73 of the session laws of 1891 of the General Assembly of said State, and at no time during said session of the board of review did said auditor lay before said

board such schedule and statement; that on account of such failure said county board of review did not pass upon the question of plaintiff's property in said county; that the Auditor of State of the State of Indiana failed to make out the return statements and valuations of plaintiff's said property, nor did such State Auditor furnish to the auditor of Monroe county any statement or return or assessment of plaintiff's said property up to the time of the assessment made by the county assessor of Monroe county herein; that said county assessor in making such assessment gave notice to the plaintiff of his intention to make such assessment as provided by law, and said plaintiff failed and refused to make any objections to the assessment as made by said county assessor; that no assessment of plaintiff's property for the year 1897 was made other than the assessment so made by said county assessor. Wherefore, etc."

A demurrer to this answer for want of facts was overruled, and judgment was rendered for appellee upon appellant's refusal to plead further.

Appellant contends that sections 73 and 74 of the general tax law provide the only method by which its property could be reached for taxation; that the company complied with section 73 by delivering to the township assessor a verified schedule; that the county board of review, having under these circumstances exclusive power to make the assessment, failed to make any assessment whatever against the company; and that, therefore, "the power of taxation was completely exhausted".

Section 108, section 8526 Burns 1894, section 6371 Horner 1897, makes it the duty of the township assessor, whenever he shall discover or receive credible information that any property has been omitted in the assessment of any year or that the tax for which such property was liable has not been paid "from any cause", to proceed to add such property to the assessment. In this section the county assessor is given the same powers.

Section 113, section 8531 Burns 1894, section 6380 Horner 1897, confers upon the county assessor the powers given to the county auditor and treasurer by sections 142 and 182.

Section 142, section 8560 Burns 1894, section 6409 Horner 1897, and as amended in 1897, acts 1897, p. 141, directs the county auditor, whenever he shall discover or receive credible information that any property "has, from any cause, been omitted in whole or in part in the assessment of any year", to proceed to add the omitted property to the tax duplicate.

Section 182, section 8600 Burns 1894, section 6449 Horner 1897, requires the treasurer to report to the auditor any omitted property he knows of or learns of from credible sources.

Sections 108, 142, and 182 direct the respective officers to give the owner notice in writing of the officer's intention to add the omitted property to the tax duplicate, describing it in general terms, and requiring the owner to appear, etc. Those sections further require the officer who acts to file in the auditor's office a statement of the facts or evidence on which he bases the assessment.

The essence of appellant's argument is that because the omission did not occur through its fault, but through the failure of the board, which was primarily entrusted with the duty of seeing to it that the company contributed its just share of tribute to the government to whose grace the company owed its existence and the enjoyment of its property rights, therefore the government has lost the right to levy against the company any taxes for the year 1897. The tax law contemplates instances of omission of property from current assessment lists, not only on account of evasions and concealments of property owners, but also by reason of derelictions of the officers upon whom rest the primary duty of listing all taxables. It is conceivable that if the primary taxing officers were infallible, there would be no instances of omitted property. Yet so careful is the State to guard against loss to its

revenues from the remissness of those officers that four different officers are each commanded to look after the State's continuing claim for taxes from property omitted from assessment in any year or number of years and from any cause. Nothing will discharge the State's claim but actual payment, and the general law must be liberally construed in aid of the taxing power. *Graham* v. *Russell, ante,* 186, and cases cited; section 8642 Burns 1894, section 6491 Horner 1897. But no construction, however strict, would require the officers in listing omitted property to pass by the property of corporations when the statute empowers them to list *any* omitted property, or to overlook omissions resulting from the fault or inaction of the primary listing agents when the statute directs them to list property omitted from *any* cause. There is no doubt of the county assessor's authority to proceed in this case.

Appellant further urges that, even if the county assessor was empowered to act, the collection of the taxes should be enjoined because the assessor did not proceed in strict conformity to the statute. The answer admits, by not denying the averments of the complaint, that the assessor failed to file in the auditor's office a statement of the reasons or facts or evidence on which he based the assessment.

That requirement must receive a reasonable construction. If the name of a corporation appeared upon the duplicate assessed with property at certain valuations, and if the county officials proceeded to list omitted property of the corporation, reasons are apparent why the statement should be filed. But if the corporation is not on the duplicate at all, there is no sufficient reason why it should be heard to complain of the absence of a statement showing what particular property was omitted when no part of its property had been included, or why its schedule was not taken as true when its schedule had not reached the assessment lists.

Furthermore, section 8642 Burns 1894, section 6491 Horner 1897, provides: "No general or specific tax authorized

by the laws of this State and which shall be assessed on any property in any township, city or town within this State by any officer authorized to make assessments or which if made by another person may be adopted by such officer as his act shall be held illegal or invalid for want of any matter of form in any proceeding not affecting the merits of the case, and which shall not prejudice the rights of the party assessed." Appellant admits that it has not been taxed for 1897 except by the assessment in question.    Appellant made out a sworn schedule for 1897 as required by law, expecting the county board of review to act thereon.    There is no suggestion that the assessment complained of is one cent higher than its own showing.

And finally, independently of the foregoing statute, the principles of equity would preclude appellant from receiving aid from a court of conscience in escaping a just duty of citizenship admitted to be undischarged.    "When he appeals to a court of equity and invokes its extraordinary writ of injunction, he must rely upon some substantial equity, and can not avail himself of naked irregularities, or the neglect of mere forms, to shield himself from a liability confessed to be just."    *Jones* v. *Summer*, 27 Ind. 510; *Reynolds* v. *Bowen*, 138 Ind. 434.    Judgment affirmed.