# INDIANA MANUFACTURING COMPANY *v.* KOEHNE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

No. 177.   Argued October 24, 1902.—Decided February 23, 1903.

Certain taxes having been assessed against complainant, an Indiana corporation, pursuant to a law of Indiana upon the value of letters patent owned by it, an action was brought against the collector to enjoin the collection of such taxes, the appeal to equity being founded on the grounds: (1) That the assessment constituted a cloud upon title; (2) that there was no adequate remedy at law; (3) that a multiplicity of suits would be avoided; (4) that it would prevent irreparable injury to complainant. *Held:*

(1) That in the absence of any statute making the assessment upon shares a lien on the real estate and of any averment that the company owned any real estate, no cloud upon title is made apparent.

(2) That the statute of Indiana provides a proceeding for the recovery of taxes wrongfully assessed, and as it does not appear that such statute has been repealed, an adequate remedy at law exists.

(3) That the procedure under such statute would not involve a multiplicity of suits.

(4) That where a plain and adequate remedy is given for the recovery of taxes illegally assessed no irreparable injury can be inferred from general statements in the absence of the averment of specific facts from which the court can see that irreparable injury would be a natural and probable result.

Equitable jurisdiction of a Federal court cannot be maintained except on a ground recognized by the Federal courts, and the mere fact that the action involved the taxing of letters patent does not give the Federal courts jurisdiction in equity where no such recognized ground appears.

THE case is stated in the opinion of the court.

*Mr. Chester Bradford* for appellant. *Mr. F. Winter* was on the brief.

*Mr. William L. Taylor* for appellees. *Mr. Merrill Moores* and *Mr. Cassius C. Hadley* were on the brief.

MR. JUSTICE PECKHAM delivered the opinion of the court.

The complainant herein has appealed from the decree of the Circuit Court of the United States for the District of Indiana, which dismissed its bill. It was a suit in equity to enjoin the collection of taxes. It appears that certain taxes had been assessed against the complainant, a corporation of Indiana, and process had issued for the collection thereof which included all the years from 1893 to 1898, (both years inclusive,) and also for the year 1900 ; that such taxes, or the greater part of them, were (as averred) illegal, because they were, among other things, assessed pursuant to a law of the State of Indiana, upon the value of certain letters patent of the United States, for inventions, owned by the corporation, that such state law was in violation of the Federal Constitution, and was therefore void ; that the part of the taxes which complainant admitted to be legal it had paid, and notwithstanding such payment the tax officials were threatening to levy upon its property to collect the residue.

By reference to the general tax laws of Indiana of 1891 it will be seen that it is therein provided that each district assessor shall, commencing in April in each year, inquire of each person concerning his property, while as to corporations their officers are to deliver to the assessor a sworn statement of the property of such corporation in detail, and among the items to, be reported is the "market value, or if no market value, then the actual value of the shares of stock " of the company. The statement made by the corporation to the assessor is by him delivered to the county auditor, who in turn delivers it to a board of review, which values and assesses the capital stock and all franchises and other property of the company. This board of review makes the original assessment. The corporation so assessed, or any taxpayer, may appeal from the assessment upon the corporation, to the state board of tax commissioners. Sec-

tion 125 of the tax law of 1891, as amended by the act of 1895, p. 79.   Upon such appeal the state board decides as to the assessment, and may, if it decides that the property is assessable, make such an assessment, increasing or reducing it, as it may decide proper, and the auditor then certifies such changes in valuation made by the state board to the several counties, and provision is made for the collection of the same by the proper officials.   By the act of 1853, Rev. Stat. of Indiana, ed. of 1881, secs. 5813, 5814 ; Rev. Stat. ed. of 1894, secs. 7915, 7916, provision is made that any person or corporation may appear before the board of commissioners of any county and establish by proper proof that such person or corporation has paid taxes which were wrongfully assessed against him or it, and it is thereby made the duty of the board to order the amount so proved to have been paid, to be refunded to the payer from the county treasury so far as the same was assessed and paid for county taxes. Where a portion of the amount so wrongfully assessed and paid shall have been paid for state purposes and shall have been paid into the state treasury, it is made the duty of the board to certify to the auditor of the State the amount so proved to have been wrongfully paid, and the auditor is directed to audit the same as a claim against the treasury, and the treasurer of the State is directed to pay the same out of any moneys not otherwise appropriated.

The further steps to be taken in case the authorities refuse, upon such application, to pay over the taxes wrongfully assessed, are adverted to hereafter.

The bill states that defendant Koehne is the treasurer of Marion County, where these taxes were assessed, and he is by law also the treasurer of the city of Indianapolis, and as the treasurer of the county of Marion and the city of Indianapolis he collects for them all taxes and makes distribution thereof, and also collects all taxes due the State from Marion County, and in fact he collected all taxes assessed for all purposes against appellant.   There is no other treasurer of the city of Indianapolis, and the money for that city collected by tax remains in the hands of the county treasurer of the county of Marion until it is expended, the county treasurer thus retaining all taxes

in his hands belonging both to the county of Marion and the city of Indianapolis until those taxes are properly expended.

Other averments were contained in the bill, but none material to the case as we view it, and upon all the facts complainant comes into a court of equity for the purpose of enjoining the collection of the alleged illegal portion of these taxes which had been imposed on the letters patent mentioned, and it was claimed by the complainants that, excluding the value of such patents, the shares had no value above the indebtedness of the corporation, and therefore it was wholly exempt or exempt with the exception of a very small sum from taxation, and that sum it had paid.

The foundation of this appeal to equity, as averred by complainant, was (1) on the ground that the assessment constitutes a cloud upon title ; (2) that there is no adequate remedy at law ; (3) that a multiplicity of suits is avoided; and (4) that it prevents irreparable injury to complainant.

It has long been the settled doctrine of the Federal courts that the mere illegality of a tax, or the mere fact that a law upon which the tax is founded is unconstitutional, does not entitle a party to relief by injunction against proceedings under the law, but it must appear that the party has no adequate remedy by the ordinary processes of the law, or that the case falls under some other recognized head of equity jurisdiction, such as multiplicity of suits, irreparable injury, etc. See *Cruickshank* v. *Bidwell*, 176 U. S. 73, 80, where many of the authorities upon this subject are collected in the opinion which was delivered by Mr. Chief Justice Fuller. See also *Pittsburgh &c. Railway* v. *Board of Public Works*, 172 U. S. 32, where Mr. Justice Gray dealt with the subject quite fully. We must judge the case at bar under the rules laid down by the authorities cited.

We take the grounds in the order above stated.

(1.) In regard to the averment that the assessment constitutes a cloud upon title.

It is the ordinary case of an assessment upon the value of the capital stock of a corporation and its franchises. Our attention has not been called to any statute which makes the

assessment upon the shares a lien upon the real estate of a corporation, and if it were such lien, there is no averment that the company owned any real estate; hence, no cloud upon its title is made apparent, even if there could be a cloud cast upon the real estate merely by reason of an ordinary assessment, such as is made in this case. There is nothing in the objection.

(2.) There is the averment that the complainant is without any adequate remedy at law, and one of the grounds for such averment is stated in the bill as follows:

"And your orator further shows unto your honors that the defendant Armin C. Koehne is the treasurer of Marion County, Indiana, whose duty it is as such treasurer, under the laws of the State of Indiana, to receive and collect taxes for the said State of Indiana, and also for Marion County in said State, and also for the city of Indianapolis within said county, and also for the school board of the city of Indianapolis, Indiana. That a large proportion of the amounts received and collected by the said defendant as treasurer, as aforesaid, are for and on account of and for the benefit of the State of Indiana, a sovereign State, and one of the United States, and that under the Constitution and laws no suit can be maintained against the State of Indiana. That it is a part of the duty of the said defendant Armin C. Koehne, as aforesaid, to pay over into the treasury of the State of Indiana a large portion of the amounts so received and collected by him as taxes, and, therefore, that if said amounts are so collected and received and paid over, they will become mixed with the moneys of the said State, and thus be beyond reach of any process of this or any court, and irrecoverable, and that great and irreparable injury will result to your orator if such unlawful collection and paying over as aforesaid be not prevented."

The averment that a portion of the tax is to be paid to the State of Indiana and that the State cannot be sued is answered by the remedy provided by the law of Indiana for such a case. Under that law the complainant was bound in the first place to appeal from the decision of the board of review, which included the letters patent in the value of the shares of stock of the corporation. Such appeal would, by the provision of the

statute, be taken to the state board of tax commissioners, and if that board affirmed the decision of the board of review the corporation could pay the tax and immediately file a petition with the board of county commissioners to recover it back under the act of 1853, above referred to. An appeal is given from the refusal of that board to repay the tax. 3 Rev. Stat. Indiana, sec. 7917, ed. of 1894; *Shultz* v. *Board &c.*, 20 Indiana, 178; *State* v. *Board &c.*, 63 Indiana, 497, 501. This appeal would be taken to the Circuit Court, and by the general law an appeal lies from that court to either the appellate court or the Supreme Court of the State, according to the amount involved.

The fact that a portion of the money raised by the tax might be for state purposes is not material under the provisions of the act of 1853, *supra.* The courts of Indiana have held that the filing of a petition with the board of commissioners under that act was in itself notice to the county, and if thereafter the money was paid over to the State or to the city, it was no defence; that when the board of commissioners received notice, the county became a trustee for the claimant, and in the event the money was awarded to him the county was bound to refund the same, and a payment by the county authorities after such notice, or the commencement of an action, to the state or town authorities, was at its own risk and peril. The taxpayer could not be required to pursue such funds into the hands of the parties to whom they were wrongfully distributed, and the fact that the taxes were voluntarily paid constituted no defence under the statute cited. *Du Bois* v. *Board &c.*, 10 Ind. App. 347. It is also said in the above case that if the money had been paid over when the petition was filed, the statute provided that the commissioners should give the claimant a certificate to the state auditor for the repayment by the state treasurer, when taxes had been paid that were wrongfully assessed for state purposes. There was nothing, therefore, to prevent the complainant herein from paying the tax and immediately filing its petition with the board of county commissioners to have it refunded, and the payment to the State (if made) was immaterial and constituted no defence. The tax could be recovered back notwithstanding the payment to the State.

It has been urged, however, that the act of 1853 was not broad enough, inasmuch as it required that the taxes should have been wrongfully assessed and that mere illegality would not be sufficient in order to recover under the statute, citing *Commissioners &c.* v. *Armstrong,* 91 Indiana, 528. That case simply held that where property was legally taxable and the tax assessed was justly and equitably due, if through some irregularity or default it had not been legally assessed, it could not be said to have been "wrongfully" assessed within the meaning of the statute of 1853 and recoverable back under that statute; but that very case shows that if property which was not taxable was assessed and the money paid, such assessment was "wrongful" within the statute of 1853, being made upon property not liable to taxation, and therefore it could not be said that any tax so assessed was justly or equitably due.

In this case, if the complainant be right in its averment that the letters patent owned by it are property exempt from taxation by or under state authority, then such property is "wrongfully" assessed within that statute, and proceedings could be taken to recover back the tax so paid, upon complying with the provisions of the law of Indiana. *Donch* v. *Board of Commissioners,* 4 Ind. App. 374, decided in 1891, subsequently to the decision in 91 Indiana, *supra; Du Bois* v. *Board &c.,* 4 Ind. App. 138, and again reported, reaffirming the same doctrine, in 10 Ind. App. 347; *Newsom'* v. *Board &c.,* 92 Indiana, 229; *Board &c.* v. *Senn,* 117 Indiana, 410.

Complainant could set forth in its petition to the county commissioners its claim under the Federal Constitution for the exemption of the letters patent owned by it from taxation, and it could make the same claim if the board refused to admit it, in its action in the Circuit Court and on appeal from an adverse decision in that court to either the appellate court or the Supreme Court of the State, and if either court to which the appeal was taken and before which the question was raised decided it adversely to the complainant, a writ of error would lie from this court and the subject could be reviewed and finally decided here. There is no doubt, therefore, of the adequacy of the remedy at law, provided the act of 1853 is in force.

It is argued that the act of 1853 is repealed by the general tax act of 1891 under which these assessments were made.

There is no specific repeal of the statute contained in the general tax act, and repeals by implication are concededly not favored. It would have to appear that the two acts were inconsistent with each other, or that the act of 1891 was a complete system in itself, and was really meant to cover the cases, and the method of recovery which was to be pursued, in matters of wrongful taxation, and to exclude all remedy except such as that act provided. This, we think, cannot be maintained.

And again, the act is contained in the edition of the Revised Statutes of Indiana, of the revision of 1894, by Burns, and is reproduced therein as sections 7915 and 7916, and it is not stated in that edition that there had been any claim that those sections, constituting the act of 1853, had ever been repealed, but on the contrary the act is treated as a valid and subsisting part of the Revised Statutes of the State. The sections are also cited in *Donch* v. *Board &c., supra*, as sections 5813 and 5814 of the edition of the Revised Statutes of 1881, and there is no remark in that case that they had since been repealed by the act of 1891. See also *Du Bois* v. *Board &c.*, 4 Ind. App. *supra*. True, the questions discussed in these cases arose prior to the passage of the general tax act of 1891, but these decisions were made subsequently to the passage of that act, and the sections were not referred to in any of those opinions as if they had been repealed by the general tax act and were only applicable to cases happening before the passage of that act.

We see nothing in *Hart* v. *Smith*, recently decided by the Supreme Court of Indiana and reported in 64 N. E. Rep. 661, to support the claim of the repeal of the act of 1853. It was there held that, upon the mere matter of a valuation of the shares of the stock, the decision of the state board of tax commissioners was not reviewable by the court. Upon which counsel argues that, "if we could go before the county commissioners with a claim after the state board had passed upon it, then inevitably we could also go to the Circuit Court of Marion County, and thence to the appellate or Supreme Court of the State, according to the amount involved. Therefore, if the Supreme

Court 'has no power to review' the decisions of the state board of tax commissioners, then the county commissioners have no power to begin a course of proceedings which must inevitably, at its conclusion, come to a tribunal which has declared that it 'has no power to review,' " and it is therefore urged that if the court has no power to review this determination of the tax commissioners, it is because the act of 1853 has been repealed. But the decision of the tax commissioners upon a mere question of judgment as to the value of shares of stock is a decision of a question of fact upon which the judgment of the board would be final, even if the act of 1853 were not repealed. In that very case, however, the court did review a decision of the board as to valuation when it appeared that, in arriving at such decision, the board included property, as part of the value of the shares, which the law did not permit to be taxed, and an assessment for valuation thus arrived at was held illegal, and as it could not be determined how much of the total assessment depended upon the valuation of the property not taxable, the court held the whole assessment illegal, and gave judgment accordingly. We are not convinced that the act of 1853 has been repealed, and the remedy thereby provided being sufficient, we hold complainant had an adequate remedy at law.

(3.) The further ground of jurisdiction in equity, that it prevents a multiplicity of suits, cannot be sustained.

The remedy provided by the State of Indiana is in truth but one proceeding, and all the complainant had to do in order to avail itself of such remedy was to appear before the board of review when the assessment was first made and object to it, and if its objections were overruled, then to appeal to the state board, and if that board also overruled the objection, then to pay the tax. The proceeding thereafter is one suit commenced by application to the board of county commissioners to recover the tax wrongfully assessed, and if the claim were refused, then the party might go into the Circuit Court, and if refused again, it had the further right of appeal, and if still refused, it then had the right of review by writ of error from this court, if any Federal question had been decided against it. The right to come into a Federal court and invoke its

equitable jurisdiction in order to avoid the remedy thus provided by the State cannot, under these facts, be founded upon the alleged prevention of a multiplicity of suits. The claim on such ground is without foundation.

(4.) Nor is there any irreparable injury as averred.

There is a general averment that to enforce the tax by distraint and sale of complainant's property would result in irreparable injury, but there is no fact stated from which it could be inferred that irreparable injury would be likely to result from such enforcement, and where a plain and adequate remedy to recover the amount is given by statute no such irreparable injury can be inferred. Some averment of specific facts must be made from which the court can see that irreparable injury would be a natural and probable result. Nothing of the sort is shown here. Indeed, the averment of irreparable injury seems to be founded upon the other averment, that if the tax got into its treasury the State could not be sued to recover it back, and hence the necessity of appealing to equity. But the answer to that has already been given by referring to the act of 1853, which fully provides for such contingency.

The claim is also made that complainant had the right under section 1 of the act of 1888, 25 Stat. 433, chap. 866, amending the act of 1875, to resort to the Federal court on the ground that the case arose under the Constitution or laws of the United States, inasmuch as it was claimed that under such Constitution the letters patent were not taxable by or under state authority. But the right to resort to a Federal court as a court of equity must be founded upon some ground of equitable jurisdiction recognized by the Federal courts, and when, as here, no such ground appears, jurisdiction in equity cannot be maintained.

Whether the value of letters patent is in any way taxable by or under state authority, we have no occasion to now decide, because the question is not before us. We simply show a plain and adequate remedy at law, after paying the tax, to recover it back, in an action or proceeding where the question as to the exemption of this kind of property from taxation can be raised,

and if not admitted by the state court, it can be reviewed.here on writ of error.

We see no ground for interfering with the judgment of the court below, and it is, therefore,

*Affirmed.*