## Citizens National Bank *v.* Klauss, Treasurer.

[No. 7,865.    Filed January 27, 1911.]

1. TAXATION.—*Banks.—Boards of Review.—Duty.—Notice.*—It is the duty of county boards of review to assess bank stock at its true cash value on the preceding March 1; and the auditor's notice of the meeting of the board invests such board with jurisdiction to make the assessment.  p. 55.

Citizens Nat. Bank *v.* Klauss—47 Ind. App. 50.

2. TAXATION.—*Banks.*—*Assessment.*—The fact that the county board of review assesses for taxation the total number of shares in a bank, instead of valuing each share, does not affect such assessment. p. 56.

3. TAXATION.—*Banks.*—*Extending Value of Shares to Stockholders.* —*Auditors.*—Where the taxes against the stock of a bank have been placed on the tax duplicates against the bank itself, the subsequent extension of such tax against the stockholders is authorized (§10316 Burns 1908, Acts 1891 p. 199, §147). pp. 56, 57.

4. TAXATION.—*Irregularities.*—*Effect.*—Tax assessments are not rendered invalid because of irregularities that do not prejudice the rights of the persons assessed. p. 56.

5. INJUNCTION.—*Taxation.*—Injunction does not lie to restrain the collection of taxes, where the property taxed is subject to taxation. p. 56.

6. INJUNCTION.—*Taxation.*—*Payment.*—Where taxes are partly valid, the person assessed, upon payment, or offer of payment, of the amount due, may restrain the collection of the unlawful part thereof. p. 57.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Suit by the Citizens National Bank of Evansville, Indiana, against Otto L. Klauss, as treasurer of Vanderburgh county. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*W. D. Robinson* and *William E. Stilwell,* for appellant.
*George A. Cunningham* and *Daniel H. Ortmeyer,* for appellee.

ADAMS, J.—This proceeding was instituted by appellant for and on behalf of certain of its stockholders, named, against appellee to enjoin him from collecting taxes which appellant claims were illegally assessed against its said stockholders.

Issues were formed by the complaint in one paragraph, and an answer in general denial. Upon request the court made a special finding of facts and stated conclusions of law thereon. Judgment was rendered on said conclusions of

law that appellant take nothing by this action, and that appellee recover his costs.

It appears from the special findings that on March 1, 1909, and for more than one year immediately following said date, appellant was a banking corporation, organized under the laws of the United States of America, and located in the city of Evansville, Indiana; that on May 10, 1909, appellant, by its cashier, made out a statement under oath, in duplicate, showing the number of shares of capital stock of such bank, the name and residence of each shareholder, with the number of shares owned by each, and delivered said statement to the auditor of said county. In addition, said statement also shows that on March 1, 1909, said bank had a paid-up capital stock of $200,000, a surplus of $40,000 and undivided profits amounting to $16,757; that dividends were paid during the preceding year amounting to seven per cent, and that the assessed value of real estate held by the bank was $46,030.

It is further found that upon notice given as provided by statute the county board of review for said county met in the court-house of said county on the first Monday of June, 1909, for assessment, review and equalization of taxes, and remained in session thirty days; that said statement, aforesaid, was by the auditor of said county laid before said board of review; that on July 1, 1909, at a regular meeting of said board, on motion said board placed an assessment of seventy per cent on the value of the capital stock, surplus and undivided profits of appellant bank, approximating $179,730; that between the first Monday in July and the last day of December of the year 1909 the auditor of said county made out a duplicate list of taxes assessed in said county, and entered the valuation of such capital stock of appellant on the tax duplicates for the current year, and computed and extended taxes thereon the same as against the valuation of other property in said city of Evansville, Indiana. A copy of a portion of the tax duplicate was set

out as follows, omitting names of shareholders and number of shares owned by each:

"City of Evansville—Tax Duplicates
of Vanderburgh County, Indiana, for 1909.

| Tax Duplicate No. 4,357 | Citizens National Bank |
|---|---|
| Names | |
| * * *  (number of shares omitted) | |
| * * *       * * * | |
| Total shares | 2,000 at $100 per share |
| 70% capital stock, surplus and | |
| undivided profits | $179,730.00 |
| less real estate | 46,030.00 |
| | $133,700.00 |
| First installment | 1,845.06 |
| Second installment | 1,845.06 |
| | $3,690.12" |

It is also found that on or before the last day of December of the year 1909 said auditor caused to be delivered to appellee one of such duplicates; that appellee, as soon as he received such duplicate, caused notice to be given as provided by statute of the amount of taxes charged for state, county, school, road or other purposes, etc; that the first instalment of taxes on said shares of capital stock was not paid on or before the first Monday in May, 1910; that after said date said appellee added to said taxes a penalty of ten per cent; that thereafter on June 1, 1910, the auditor and treasurer of said county extended upon the tax duplicates of said county for the year 1909 the amount of taxes due from each shareholder of appellant, setting out opposite the name and number of shares of each shareholder on said tax duplicates the amount of taxes assessed against such shares, with ten per cent penalty added.

It is further found that appellee is threatening to, and will unless restrained, proceed to make demand upon each of said shareholders for the amount of said taxes due upon

his respective shares of stock, and if not paid will proceed to levy upon the personal property of such shareholders; that no notice was given to said bank or to any of its shareholders by the auditor of said county or appellee that the taxes would be extended upon the tax duplicates of said county for the year 1909, as made by said auditor and appellee on June 1, 1910, and that neither said bank nor any of its shareholders had any notice that such action, or that any action, would be taken by said auditor and appellee so to extend said taxes on said duplicates; that certain persons, naming them, were the owners of more than one share each of the capital stock of said bank on March 1, 1909, and that all of the taxes due from each on the first Monday of May, 1910, except the taxes claimed to be due on shares of stock in said bank, were paid prior to the bringing of this suit; that on March 1, 1909, the usual selling and market price of the shares of stock in said bank was as much or more than the value at which such shares now appear upon the tax duplicates; that at such time, although such fact was not known to the public, nor to any of the stockholders of such bank named in the complaint, the capital stock of such bank had become so much impaired by losses that the actual cash value of the shares of stock in said bank was not more than $15 per share.

Upon the facts found, substantially as heretofore set out, the court stated its conclusions of law as follows: "(1) The plaintiff bank, in case of an illegal assessment for taxation against its shareholders upon the shares of the plaintiff's capital stock respectively held by such shareholders, is authorized to maintain a suit to restrain the collection of such illegal tax from such shareholders. (2) The action of the board of review of Vanderburgh county, which is set out in the eighth finding of facts herein, and the entry made after such action of such board of review by the auditor of Vanderburgh county upon the tax duplicates of said county, which is set out in the seventh finding of facts herein, and

the subsequent extension of the value of the shares held by each stockholder of plaintiff bank and of the amount of tax assessed against such stock, as set out in the twelfth finding of facts herein, made a valid assessment for taxation upon the shares of each of the stockholders of such bank, whose names are set out as such stock-holders in the complaint in this suit. (3) The assessment for taxation upon the shares of stock of the stockholders of plaintiff in whose behalf this suit was brought by plaintiff, and whose names are set out in the complaint in this suit, was a valid assessment, and defendant, as treasurer of the county of Vanderburgh, is authorized to sell the personal property of each of such stockholders for the collection of the tax so assessed against such stockholders and the collection of such taxes by defendant treasurer by such proceeding should not be restrained. (4) Plaintiff should take nothing by this suit, and defendant should have judgment for his costs."

The first conclusion of law is not questioned by either appellant or appellee, and for that reason is not considered in this opinion.

Appellant reserved exceptions to the second, third and fourth conclusions of law as stated by the court, and upon these conclusions error is predicated.

It is insisted by appellant that the assessment was illegal, in that the tax duplicates could not be changed or corrected by extending to the individual stockholders, without notice, the taxes assessed in the first instance against the bank.

It was the duty of the county board of review to determine the true cash value of each share of stock in the bank as of March 1, 1909. The county auditor gave notice, as required by law, of the time, place and purpose of the meeting of the board. Prior to the meeting the cashier of appellant bank had filed with the auditor the verified statement required by statute. No additional notice, other than that given by the auditor, was required to give the board of review jurisdiction to determine the value of

the stock for taxation. Appellant and its stockholders were bound to know that the board at its June meeting would place a valuation upon the shares of bank stock, and if they were not satisfied with the statement filed by the cashier it was their right to appear before the board and offer proof showing the true cash value of the shares. The board fixed seventy per cent of the aggregate capital stock, surplus and undivided profits as the true cash value of the stock, less the assessed value of real estate, making a net valuation of $133,700. The failure of the board expressly to value each share was not material, since it appeared that there were 2,000 shares. The valuation of each share was a simple matter of division.

The subsequent extension on the tax duplicates of the amount of taxes assessed to each individual stockholder, as shown by the findings, could only be regarded as the correction of an error, and the auditor was fully warranted in making such correction.

Section 10316 Burns 1908, Acts 1891 p. 199, §147, provides, in part, that, "he [the auditor] shall, from time to time, correct all errors which he may discover in his duplicate, either in the name of the person charged with taxes, the description of the property or the amount of the tax charged."

Nor would the assessment be rendered invalid or illegal by any irregularity in matter of form not affecting the merits of the case, and which did not prejudice the rights of the party assessed. §10395 Burns 1908, Acts 1891 p. 199, §224.

The bank stock involved in this proceeding was clearly taxable, and it has been many times held in this State that want of notice, the insufficiency of notice, or any other irregularity or informality does not entitle the owner to an injunction, where the property is taxable. *Crowder* v. *Riggs* (1899), 153 Ind. 158; *McCrory* v. *O'Keefe* (1904), 162 Ind. 534; *Hunter Stone Co.* v. *Wood-*

*ard* (1899), 152 Ind. 474; *Florer* v. *McAffee* (1893), 135 Ind. 540; *City of Delphi* v. *Bowen* (1878), 61 Ind. 29.

In the case of *Nyce* v. *Schmoll* (1907), 40 Ind. App. 555, it is held that in order to enjoin the collection of taxes it must be alleged and proved either that the property is not subject to taxation or that the taxes thereon have been paid. The trial court found as a fact that the usual market or selling price of the shares of stock in appellant bank was on March 1, 1909, as much or more than the value at which the shares now appear on the tax duplicate, but the actual value of such shares, on account of losses, was on said date not more than $15 a share, although such fact was unknown at the time to the public and to the stockholders named in the complaint. This finding does not support appellant's right to enjoin the collection of taxes on the valuation fixed.

The general principle is that until it is shown that the property owner has paid or offered to pay the taxes, admitted to be owing, he has no standing in a court of equity. *Buck* v. *Miller* (1897), 147 Ind. 586, 37 L. R. A. 384, 62 Am. St. 436; *Shepardson* v. *Gillette* (1892), 133 Ind. 125, 130, 131; *Thiebaud* v. *Tait* (1894), 138 Ind. 238, 250; *City of Jeffersonville* v. *Louisville, etc., Bridge Co.* (1908), 169 Ind. 645; *People's Nat. Bank* v. *Marye* (1903), 191 U. S. 272, 24 Sup. Ct. 68, 48 L. Ed. 180.

The well-considered case of *Small* v. *City of Lawrenceburgh* (1891), 128 Ind. 231, is based upon facts very similar to those in the case under consideration. In that case it was held that averments that the bank stock had no value, and that the owners were entitled to deductions on account of indebtedness, were of no avail; that the persons who owned the stock on April 1, 1883, and were assessed by a proper officer, became liable for the taxes charged against the stock the same as any other property owned by them, and they cannot enjoin its collection because an entry was made on the books against the bank instead of against them individually. It is also held, in the

same case, that where the assessment was made in the name of the bank instead of the stockholders, that fact will not invalidate the lien or relieve the stockholders from paying the taxes for which they are liable.

Judgment affirmed.