FORSYTH ET AL. *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF LAKE.

[No. 9,845. Filed June 20, 1919. Rehearing denied November 7, 1919. Transfer denied November 19, 1920.]

TAXATION. — *Omitted Property.* — *Listing by County Auditor.* —*Recovery of Tax Paid.*—*Statutes.*—In view of §§10268, 10316 Burns 1914, Acts 1891 p. 199, Acts 1913 p. 628, concerning the correction of errors in the assessment of property for taxation, it was the duty of the county auditor to correct the error in the tax duplicates where the township assessor by mistake figured the owners' land at 16.77 acres instead of 162.77, and the owners cannot avail themselves of naked irregularities in such assessment as ground for recovery of the tax paid, they not being injured by such irregularities.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Oliver O. Forsyth and others against the board of commissioners of the county of Lake. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*J. Kopelke,* for appellants.
*N. A. Hembroff* and *J. A. Gavit,* for appellee.

NICHOLS, P. J.—This action was upon a claim filed by appellants against the appellee for the refunding of taxes which the appellants allege have been illegally

assessed upon certain of their lands in Lake county, and illegally collected from them by the county treasurer. The claim was disallowed by the board, and appeal was taken to the circuit court, where there was a trial, and the claim was disallowed. After a motion for a new trial, which was overruled, the appellants prosecute this appeal. The only error assigned is the overruling of appellants' motion for a new trial.

The substance of the claim is that certain lands of the appellants had been regularly assessed by the assessor of the proper township in said county, for the year 1915, at $6,070; that such assessment was left unchanged by the board of review sitting that year, and that appellants had paid the taxes imposed by such assessment, but that the county auditor had placed an additional assessment of $64,650 on such lands and extended taxes thereon, and that thereby they had been required by the county treasurer to pay $921.47 additional taxes as the first installment. The appellees answered this claim by a general denial.

It appears by the evidence that on March 1, 1915, appellants owned the land referred to in their claim, and that in the assessment thereof it was placed upon the books of such township assessor and returned to the county assessor and auditor of said county as 162.77 acres, valued at $6,070, lands and improvements; that such assessment was not modified by the board of review; that the first installment of taxes thereon, as computed by the auditor, was $110.47, but afterward it was discovered by the township assessor that a mistake had been made, and thereupon he made an assessment of omitted real estate which showed 162.77 acres, valued at $70,720, upon which statement such township assessor indorsed:

"There was a mistake in figuring the amount of acres; I figured 16.77 acres instead of 162.77 acres."

Thereupon the auditor of said Lake county placed an additional value of land upon the tax duplicate of $64,-650, the first installment of taxes upon such additional valuation being $921.47, and the second the same.

The county treasurer called the appellants' attention to this additional assessment, which they paid, protesting at the time that such assessment was illegal and wrongful, and thereafter filed their claim for the amount of additional taxes so paid, which claim is the basis of this action. It is contended by the appellants that their lands had been regularly assessed, and that the additional assessment placed thereon by the county auditor under the circumstances aforesaid was without authority and void.

Section 10268 Burns 1914, Acts 1891 p. 199, reads as follows: "When the returns of the assessor are received, the county auditor, if satisfied that such assessor has omitted any * * * real estate * * * which it was his duty to return, may, if he deems it expedient, authorize and require such assessor to proceed to correct any error or omission which may have occurred * * * and * * * such assessor, shall within ten days * * * make returns thereof to such county auditor * * *, or the auditor may himself ascertain the value and add the same to the assessment, and such county auditor shall charge such person with the additional amount, if any, returned by such assessor."

Section 10316 Burns 1914, Acts 1913 p. 628, provides with reference to the duties of auditors: "He shall, from time to time, correct all errors which he may discover in such tax duplicate, * * * in * * * the amount of tax charged; and he shall add from time to time, any corrections, or additional assessments, made on the assessor's books by the county assessor;" etc.

This statute makes express provision for the per-

formance of the duty of the auditor of which the appellants here complain. Appellants, having appealed to the court for redress of their grievances, cannot avail themselves of naked irregularities to shield themselves from a just liability. *Hunter Stone Co.* v. *Woodard* (1899), 152 Ind. 474, 53 N. E. 947. Such tax assessments, even if irregular, are not rendered invalid thereby. *Citizens Nat. Bank* v. *Klauss* (1911), 47 Ind. App. 50, 93 N. E. 681.

The appellants had not been injured or unjustly dealt with, and therefore technical irregularities, even if they exist, will not avail them. *People's Gas, etc., Co.* v. *Harrell* (1905), 36 Ind. App. 588, 76 N. E. 318.

There is no force in their complaint, and no merit in their appeal. The judgment is affirmed as of the date of submission.

McMahan, J., not participating. Batman, C. J., Dausman, Remy, and Enloe JJ., concur.