AMERICAN MILLS COMPANY *v.* FIFER, TREASURER.

[No. 12,043. Filed March 18, 1925. Rehearing denied June 25, 1925. Transfer denied December 18, 1925.]

1. TAXATION.—*Taxpayer's right to recover taxes wrongfully assessed and collected not changed by treasurer's distribution of the money to the respective funds and corporations to which it belonged.*—A taxpayer's right to recover taxes wrongfully assessed and collected would not be changed because, after the filing of his claim therefor as provided by §14376 Burns 1926, the county treasurer had distributed the money to the respective funds and corporations to which it belonged. p. 43.

2. TAXATION.—*Taxpayer cannot maintain an action against county treasurer to recover taxes wrongfully assessed against and collected from him, but must proceed under the statute.*—A taxpayer who has paid taxes wrongfully assessed against him cannot maintain an action against the county treasurer to recover the amount paid, as §§14376-14378 Burns 1926, §§10139u12-10139w12 Burns' Supp. 1921, furnish such taxpayer an adequate remedy for the recovery of any tax paid by filing a claim with the board of commissioners and that remedy is exclusive. p. 43.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by the American Mills Company against Ottis B. Fifer, treasurer of Clark county. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the second division.

*Wilmer T. Cox,* for appellant.
*Burdette C. Lutz,* for appellee.

MCMAHAN, J.—Appellant filed its complaint in the Clark Circuit Court to recover taxes paid to the treasurer of said county. It is alleged that the assessment of such taxes was void; that appellee had levied upon certain personal property owned by appellant; that in order to avoid and prevent a threatened sale of the property by the appellee, it paid the amount of such taxes so assessed and that all of the money so paid by appellant was in the possession of appellee when the

complaint was filed. A demurrer to the complaint was sustained and judgment rendered against appellant.

Appellant contends that the property on which the assessment was made was not taxable and that the assessment was void. In view of the conclusion we have reached, it is not necessary for us to decide this question.

Section 14376 Burns 1926, §10139u12 Burns' Supp. 1921, Acts 1919 p. 198, §332, provides that: "In all cases where any person or persons or body politic or corporate shall appear before the board of commissioners of any county in this state, and establish by proper proof, that such person or body politic or corporate has at any time paid for any year or part thereof any amount of taxes which were wrongfully assessed against such person or body politic or corporate in such county, it shall be the duty of said board to order the amount, so proved to have been wrongfully paid, to be refunded to said payer from the county treasury, so far as the same was assessed and paid for county taxes, and the county auditor shall draw his warrant therefor and the county treasurer shall pay the same out of any money not otherwise appropriated: * * *."

Section 14378 Burns 1926, §10139w12 Burns' Supp. 1921, being §334, Acts 1919 p. 198, provides for an appeal from the board of commissioners and that, on appeal, the court shall decide the merits of the case and order the tax refunded or not as the case may be.

Appellant did not file any claim before the board of commissioners for a refund of the taxes so claimed to have been wrongfully assessed and collected.

Appellee insists that the remedy provided by the statute is exclusive; that the legislative intent was to furnish a simple and direct method for the recovery of taxes wrongfully assessed and collected and that a court proceeding was not contemplated, except by appeal.

Appellant contends that the statute makes no provision for the recovery of city, town or township taxes, and, for that reason, does not furnish him an 1, 2. adequate remedy. We cannot concur in this contention. When appellant filed its complaint, the money was all in the possession and custody of appellee. No part of it had been paid out or distributed. It was being held by appellee as a trustee, either for the use of appellant or for the respective funds to which it belonged. If appellant had filed his claim with the board of commissioners under the statute asking for a refund before the money had been distributed, it would have been the duty of the board, or the court on appeal, in case the assessment was void for any reason, to have refunded all of the money so paid. And if, after the filing of such claim, the treasurer had made distribution of the money, the right of the person so paying, would not be changed. *DuBois* v. *Board, etc.* (1894), 10 Ind. App. 347. See, also, *Cleveland, etc., R. Co.* v. *Board, etc.* (1898), 19 Ind. App. 58, 67. *Indiana Manufacturing Co.* v. *Koehne* (1902), 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651, was a case where the plaintiff, claiming that certain property owned by it was not subject to taxation, began an action in the circuit court of the United States for the District of Indiana to enjoin the collection of taxes which had been assessed thereon. The court, in affirming a decree dismissing the action, after referring to the statute providing for the refunding of taxes of which the present statute is a re-enactment, and after reviewing the decisions of our Supreme Court and of this court, said: "Complainant could set forth in its petition to the county commissioners its claim under the Federal Constitution for the exemption of the letters patent owned by it from taxation, and it could make the same claim if the board refused to admit it, in its action in the cir-

cuit court and on an appeal from an adverse decision in that court to either the Appellate Court or the Supreme Court of the state, and if either court to which the appeal was taken and before which the question was raised decided it adversely to the complainant, a writ of error would lie from this court and the subject could be reviewed and finally decided here. *There is no doubt, therefore, of the adequacy of the remedy at law,* provided the act of 1853 is in force." (Our italics.) And we hold that the sections of the tax law of 1919, hereinbefore referred to, furnished appellant an adequate remedy for the recovery of any tax paid by it.

This court, in *Board, etc., v. Adler* (1922), 77 Ind. App. 296, held that §6090a Burns 1914, which section was re-enacted and became a part of the tax law of 1919, Acts 1919 p. 198, §332, providing for the filing of a claim before the board of commissioners, furnished an exclusive remedy for the recovery of taxes wrongfully assessed, and that no action could be maintained against the commissioners to recover such taxes, and that where the legislature prescribed a right and a method by which such right could be enforced the statutory remedy was exclusive.

Appellant has cited no authority holding that an action at law may be maintained against the county treasurer to recover the amount of taxes wrongfully paid, and we find no decision in Indiana authorizing such an action under the facts as alleged in appellant's complaint. *Board, etc., v. Adler, supra,* is directly in point and, on the authority thereof, we hold the court did not err in sustaining the demurrer to appellant's complaint.

Judgment affirmed.