WHITE RIVER SCHOOL TOWNSHIP ET AL. *v.* ANCHOR HOCKING GLASS CORPORATION ET AL.

[No. 19,332. Filed July 6, 1960. Rehearing denied October 5, 1960. Transfer denied November 16, 1960.]

244

*Zane E. Stohler, John T. Cook,* both of Winchester, and *Alexander Lysohir,* of Portland, for appellants.

*Russell E. Wise,* of Union City, *and John A. Resler,* of Portland, for appellees.

GONAS, J.—Appellee, Anchor Hocking Glass Corporation (hereinafter referred to as "Anchor"), filed its claim with the appellee Board of County Commissioners for a refund of certain property taxes paid by it. The claim was allowed and appellants secured a judicial review in the Randolph Circuit Court.

The facts were stipulated and the court made special findings pursuant to Rule 1-7c and stated its conclusions of law thereon favorable to appellee, Anchor.

Appellants here challenge the correctness of the conclusions of law, as follows;

On the 21st day of January, 1959, the Court found the facts specially and stated its conclusions of law thereon in writing, which special findings of facts and conclusions of law were signed by the Honorable Paul A. Lennington, Special Judge in said proceeding, and filed with the Clerk of said Court on January 21, 1959, which special findings of facts and conclusions of law read as follows:

Pursuant to law, the Court now finds the facts in this cause specially and states its conclusions of law thereon as follows:

No. 1. That the Trustee and Advisory Board of White River Township, Randolph County, Indiana, did on the 30th day of August, 1955, after the publication of proper and sufficient notice thereof to all taxpayers, duly adopt its annual budget for the annual levy of taxes for the year 1955, for said township to be levied and collected in the year 1956. That as a part of said budget and levy of taxes said trustee and advisory board levied a cumulative building fund tax of 75 cents per each $100.00 valuation of taxable property in said township, which budget including the levy of said 75-cent rate for the purpose aforesaid, was duly filed with the Auditor of Randolph County, Indiana.

No. 2. That the tax rate so established by said Advisory Board aforesaid, including said rate of 75 cents for said cumulative building fund, was duly levied and collected as and for the taxes for said township for the year 1955, payable in the year 1956.

No. 3. That the Advisory Board of said White River Township, did not at any time prior to the adoption of said budget, including said rate of 75 cents for the cumulative building fund, adopt any resolution for the establishing of a cumulative building fund or any sum

or rate of levy for taxation for the purpose of raising or providing funds for such cumulative building fund in the annual levy of taxes for the year 1955.

No. 4. That on March 1, 1955, the intervening claimant, Anchor Hocking Glass Corporation owned personal property in said township and subject to taxation thereby, of the assessed valuation for tax purposes of $2,369,720.00 and owned real estate located in said Township and subject to taxation thereby, of the assessed valuation for tax purposes of $202,020.00.

No. 5. That by virtue of the levy of taxes by said Township, at the rate of 75 cents, for a cumulative building fund, as aforesaid for the year 1955, due and payable in the year 1956, there was assessed by said township against the real and personal property of Anchor Hocking Glass Corporation, Township taxes, for said cumulative building fund, the total sum of $19,288.04, payable $9,644.02 as the first installment of taxes for the year 1955, payable in 1956 and the sum of $9,644.02 as the second installment of said taxes for the year 1955, payable in November, 1956, both of which installments were fully paid by the intervening claimant Anchor Hocking Glass Corporation.

No. 6. That the first installment of said taxes so paid as aforesaid was duly collected and thereafter paid to, White River Township, prior to the filing of any claim for the refund of any taxes by Anchor Hocking Glass Corporation.

No. 7. That on December 13, 1957, and before any part of the November or second installment of said taxes were disbursed to said Township by the Auditor of Randolph County, Indiana, the intervening claimant filed with the Auditor of Randolph County, Indiana, as the Clerk of the Board of County Commissioners of said County, its claim for the refund or repayment to it, of

that part of the November installment of taxes, which it had paid pursuant to and because of the levy and collection of said rate of 75 cents levied for said cumulative building fund, in the amount of $9,644.02.

No. 8. That after notice to the Trustee and Advisory Board of White River Township, the Board of Commissioners of Randolph County, Indiana, held a hearing upon said claim and on January 6, 1958, duly allowed and ordered the same paid.

No. 9. That on February 3, 1958, said White River Township, duly and properly appealed said claim and the allowance thereof which appeal and the transcript of said proceeding before said County Commissioners, including the claim of Anchor Hocking Glass Corporation, was duly docketed in this cause for trial as cause numbered 9400, in the Randolph Circuit Court.

No. 10. That said sum of $9,644.02, had not been disbursed to said White River Township of Randolph County, Indiana, and is now being held by the Auditor of Randolph County, Indiana, subject to the judgment and orders of this court to be made in this cause.

Upon the foregoing findings of fact the court now states as its conclusions of law, that:

No. 1. The law is with the intervening claimant, Anchor Hocking Glass Corporation.

No. 2. That the levy of the tax rate of 75 cents for a cumulative building fund, made by White River Township, Randolph County, Indiana, and collected by the Treasurer of Randolph County, Indiana, from Anchor Hocking Glass Corporation, in the sum of $9,644.02, as a part of the second installment of said Township tax, was wholly illegal, without right and said levy and collection of said sum made pursuant thereto does not serve to vest in said White River Township of Ran-

dolph County, Indiana, any right or title in and to said sum.

No. 3. That the intervening claimant Anchor Hocking Glass Corporation, is entitled to recover from the Auditor of Randolph County, Indiana, upon the claim herein, the sum of $9,644.02 now in the hands of the Treasurer of Randolph County, Indiana.

No. 4. That the intervening claimant Anchor Hocking Glass Corporation is entitled to the allowance and payment of its claim to said sum in the amount of $9,644.02, and to a refund thereof by the payment of said claim in said amount by the Auditor of Randolph County, Indiana.

No. 5. That it is the duty of the Auditor of Randolph County, Indiana, to issue to, Anchor Hocking Glass Corporation, forthwith, a proper and sufficient warrant in the sum of $9,644.02, in full payment of said claim and in full refund of said sum, as taxes illegally levied and collected.

Appellants here urge their each and every assignment of error, which assignments of error are as follows:

1. The Court erred in its conclusion of law No. 1;
2. The Court erred in its conclusion of law No. 2;
3. The Court erred in its conclusion of law No. 3;
4. The Court erred in its conclusion of law No. 4;
5. The Court erred in its conclusion of law No. 5;
6. The Court erred in its each and every conclusion of law upon its special findings of facts.

From the facts found by the trial court and which are not challenged by the parties, it appears that the trustee and Advisory Board of White River Township, Randolph County, Indiana, on August 30, 1955, after the publication of proper and sufficient notice thereof

to all taxpayers, duly adopted its annual budget for the annual levy of taxes for the year 1955, for said township to be levied and collected in the year 1956. As a part of the budget and levy of taxes, the Trustee and Advisory Board levied a cumulative building fund tax rate of 75 cents per each $100.00 dollars valuation of taxable property in the township, which budget was duly filed in the office of the County Auditor.

The tax rate so established was duly levied and collected as and for the taxes for the township for the year 1955, payable in 1956.

The Advisory Board did not, at anytime prior to the adoption of the budget, adopt any resolution for the establishing of a cumulative building fund or any sum or rate of levy for taxation for the purpose of raising or providing funds for such cumulative building fund in the annual levy of taxes for 1955.

Anchor paid taxes in 1956, and filed its claim for a refund of the part which had not been distributed to the township and which was based upon the rate of 75 cents for the cumulative building fund. The Commissioners allowed this claim and ordered it paid. The trial court concluded that the levy for the cumulative building fund was illegal and adjudged that Anchor be reimbursed.

Appellants argue that although the trustee and advisory board overlooked adopting a resolution establishing a cumulative building fund, and although there was no attempt to comply with the provisions of Burns' Stat., §§28-1109 and 28-1110, the tax, having been voluntarily paid, may not be recovered back in the absence of a statute making provision therefor, and that there is no statute making such provision.

That Anchor has no common law remedy and must rely upon statutory authority, if any, as its exclusive

remedy to obtain a refund or recovery of the taxes voluntarily paid by it is not questioned by the parties. 51 Am. Jur. *Taxation*, §1167, p. 1005, *The Board of Commissioners of St. Joseph County* v. *Ruckman* (1877), 57 Ind. 96; *Sluder et al.* v. *Mahan, Treas., etc.* (1954), 124 Ind. App. 661, 121 N. E. 2d 137; *Board of Commissioners* v. *Millikan* (1934), 207 Ind. 142, 190 N. E. 185; *Culbertson Executor* v. *Board of Commissioners of Fayette County* (1935), 208 Ind. 22, 194 N. E. 638. Appellees argue and appellants deny, that statutory authority for a refund in this case is contained in Burns' Ind. Stat., §64-2819. That statute, enacted in 1919, as a part of the General Tax Law of that year, reads, in part, as follows:

"In all cases where any person or persons or body politic or corporate shall appear before the Board of Commissioners of any county in this state and establish by proper proof, that such person or body politic or corporate has, at any time paid for any year or part thereof any amount of taxes which were wrongfully assessed against such person or body politic or corporate in such county, it shall be the duty of said board to order the amount so proved to have been wrongfully paid to be refunded to said payer from the County Treasury, so far as the same was assessed and paid for county taxes, and the County Auditor shall draw his warrant therefor and the County Treasurer shall pay the same out of any money not otherwise appropriated; Provided, however, that after January 1, 1949, any such person or persons, body politic or corporate, shall be barred from recovering any such taxes further back than a period of ten (10) years; Provided further, *that no taxes shall be considered as having been wrongfully paid on as having been wrongfully assessed when same were extended or assessments made as the judgment of taxing officers authorized to make same, and concerning which no complaints were registered at the time same were made either by application for rehearing or any appeal.* (Emphasis supplied.)

Our tax statutes, since 1853, and prior to 1919, contained a similar provision, but there was no such proviso until 1919, *Culbertson* v. *Board of Commissioners of Fayette County* (1935), 208 Ind. 22, 194 N. E. 638, Acts 1853, p. 131, Acts 1909, ch. 60, p. 156; Burns' Ind. Stat. Revision of 1914, §6088, 6090a.

This statute makes provision for the refund of taxes "so far as the same were assessed and paid for county taxes." While there is an intimation in *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145, that a question might arise as to the right to have refunded the township's portion of the taxes paid, this court has held that where, as here, the assessment and collection of taxes is made in solido and not in parcels, when it is paid into the county treasury it becomes county taxes for all purposes until it has been distributed to the various funds; that as long as it remains in the county treasury it is held in trust by the county, either for the taxpayer entitled to a refund or for the proper funds to which it belongs. *Du Bois* v. *The Board of Commissioners of Lake County* (1894), 10 Ind. App. 347, 37 N. E. 1056; *State Board of Tax Commissioners* v. *Belt R. R., etc., Co.* (1921), 191 Ind. 282, 292, 130 N. E. 641; *American Mills Co.* v. *Fifer, Treas.* (1925), 84 Ind. App. 41, 146 N. E. 870; *Indiana Manufacturing Co.* v. *Koehne,* (1902), 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651. No question is presented in this case as to the applicability of the statute as to the township's portion of the taxes paid, and we do not, therefore, re-examine our prior decisions. Our inquiry is limited to whether or not the taxes involved were "wrongfully assessed" and "wrongfully paid" within the meaning of the present statute.

While it has been indicated that the decisions interpreting the phrase "taxes which were wrongfully as-

sessed" are difficult to reconcile, *Board of Commissioners* v. *Millikan* (1934), 207 Ind. 142, 152, 157, 190 N. E. 185; *McCreery* v. *Ijams* (1945), 115 Ind. App. 631, 637, 59 N. E. 2d 133, we adhere to that line of cases holding that the taxpayer must show more than that the tax was irregularly or even unlawfully assessed or that the assessment was made by the wrong officer. He must also show that the tax was neither justly nor equitably due. *Board of Commissioners of Howard County* v. *Armstrong, Guardian* (1883), 91 Ind. 528; *Durham v. Board of Commissioners of Montgomery Co.* (1884), 95 Ind. 182; *Board of Commissioners of Henry County v. Murphy* (1884), 100 Ind 570; *Board etc.* v. *Graham* (1894), 98 Ind. 279; *Cincinnati, etc. R. R. Co.* v. *Wayne Township* (1914), 55 Ind. App. 533, 102 N. E. 865; *Forsythe* v. *Board, etc.* (1920), 74 Ind. App. 252, 123 N. E. 699; *Board, etc.* v. *Riggs* (1922), 79 Ind. App. 69, 133 N. E. 882; *Sluder et al.* v. *Mahan, Treasurer, etc.* (1954), 124 Ind. App. 661, 669, 121 N. E. 2d 137.

An examination of the cases arising since 1853, indicates that most of them involved the valuation placed on property. However, in at least three cases prior to 1919, it was indicated that taxes were "wrongfully assessed" so as to entitle the taxpayer to a refund if they were based upon property which was not taxable at all. *Indiana Mfg. Co.* v. *Koehne* (1902), 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; *Board, etc.* v. *Tincher Motor Car Co.* (1914), 56 Ind. App. 49, 104 N. E. 876; *The Board of Commissioners of St. Joseph County v. Ruckman* (1877), 57 Ind. 96.

"The word 'assess' has a broad or narrow meaning according to the sense or connection in which

it is used. The narrow meaning usually is limited to the listing and valuing of property for taxation; in its broadest sense, the term includes the entire process of listing, valuing, levying, and extending the tax on the rolls. So, the term is used at times to include all the steps involved in imposing a tax on property." 84 C. J. *Taxation*, §391, p. 750. See also 51 Am. Jur., Taxation, §647, p. 614.

The word "assess" is used in the 1919 Act in different senses, and the word is not defined in the Act itself. Thus in §1 of the Act (Burns' Stat., §64-101) the word appears to have been used in its broad meaning, while in other parts of the Act the narrow meaning is referred to. In our opinion, the Act in speaking of "taxes which were wrongfully assessed against any such person" uses the word "assessed" in its broad meaning.

While the factual situation was entirely different, in our opinion, the words of the Supreme Court in *Newsom* v. *The Board of Commissioners of Bartholomew Co.* (1883), 92 Ind. 229, are applicable to the levy for the unauthorized cumulative building fund here:

"It was not merely an exactation without the observance of proper legal forms of that which the taxpayer ought to have paid, but it was a taking of that, his failure to pay which would have deprived the State and County of no money that ought to have been collected as a portion of the public revenue."

We conclude that the taxes in question here were "wrongfully assessed" within the meaning of the statutes as they existed prior to 1919. We must, therefore, determine the effect of the proviso in the 1919 Act:

"That no taxes shall be considered as having been wrongfully paid or as having been wrongfully as-

sessed when same were extended on assessments made as the judgment of taxing officers authorized to make the same, and concerning which no complaints were registered at the time same were made either by application for rehearing or by any appeal."

Appellee Anchor makes no complaint concerning the valuation of its property for tax purposes and does not contend that the property was not subject to taxation. No application for a rehearing was filed, and no appeal was taken from the action of any officer or officers prior to the filing of the present claim. Anchor does not contend that it has made a case within the proviso of the 1919 refund statute.

The proviso has received judicial construction on some points. Thus, it has been held that the word "authorized" in the proviso refers to the officers and not to taxes, so that if the proper taxing officers make the assessment but do so in an unauthorized manner this is not sufficient to bring the taxpayer within the statute so as to entitle him to a refund in the absence of an application for rehearing or appeal, even though the assessment may be void. *Board of Commissioners* v. *Millikan* (1934), 207 Ind. 142, 190 N. E. 185. Neither is a taxpayer entitled to a refund if the County Auditor, who is authorized to place omitted property on the tax duplicate, places thereon property not subject to taxation, in the absence of an application for rehearing or an appeal. *Culbertson, Exrx.* v. *Board of Commissioners of Fayette Co.* (1935), 208 Ind. 22, 194 N. E. 638.

In *Board of Commissioners* v. *Millikan, supra,* the Supreme Court said:

". . . What constitutes a wrongful assessment, and wrongfully paid taxes under the 1919 act is

a far different question than it was under the refund statutes prior to 1919. The office of a proviso is not to enlarge or extend an act, or the section of which it is a part, but rather to put a limitation upon and to qualify the language employed. *Hughes* v. *Yates* (1923), 79 Ind. App. 247, 135 N. E. 156; *City of Gary* v. *Gary Oakhill Cemetery Assn.* (1917), 186 Ind. 446, 116 N. E. 741. So in this case, the words 'wrongfully assessed' as used in the first part of this section, is limited and qualified by the proviso, so that now the words 'wrongfully assessed' as used in the first part of the statute is limited and qualified, and a claimant for a refund of taxes wrongfully assessed and wrongfully paid must bring himself within the 1919 statute as limited and qualified by the proviso.

"We are forced to the conclusion that the proviso applies to all applications for a refund of taxes voluntarily paid, even though no notice of the assessment was given at the time and no provision has been made by statute for a rehearing or an appeal. . . ."

The Court further stated that the proviso defined, in effect the words "wrongfully assessed." In *Culbertson, Exrx.* v. *Board of Commissioners of Fayette County, supra,* in speaking of the proviso, the Supreme Court said:

"They, in effect said that, notwithstanding the fact, certain property might be wrongfully assessed, or taxes wrongfully paid within the meaning of the statute as it had theretofore existed, but under the provisions of this act (1919) no wrongfully assessed property nor taxes wrongfully paid shall be considered as having been wrongfully paid or as having been wrongfully assessed, when the same were extended on assessments made as the judgment of taxing officers authorized to make the same, and concerning which no complaints were registered at the time same were made, either by application for rehearing or by any appeal."

In our opinion, the proviso completely limits and qualifies the preceding part of the statute, and to be entitled to a refund a taxpayer must make a case within the terms of the proviso. This appellee, Anchor, did not purport to do.

The judgment of the trial court is reversed and judgment should be rendered in accordance with the provisions of this opinion.

Bierly, C. J., Smith and Kelley, JJ., concur.

NOTE.—Reported in 168 N. E. 2d 349.