## BOSSON v. LEMCKE, TREASURER.

[No. 23,965. Filed December 22, 1922. Rehearing denied March 6, 1923.]

1. TAXATION.—*Equalization of Taxes between Taxing Units of County.—Validation of Order of State Board of Tax Commissioners.—Statute.—Construction.*—Section 1, Acts 1920 [Spec. Ses.] p. 153, providing that, within ten days after the taking effect of the act, the state board of tax commissioners should meet in special session and reconsider and review its orders made on a specified date, relating to the equalization of aggregate assessments of the various counties, townships and other taxing units of the state, and without delay certify its conclusions to the auditors of the several counties affected, which section refers to horizontal increases in assessments in certain counties, which had previously been declared invalid on the ground that the board had no power to exercise any original jurisdiction in equalizing assessments of property for taxation between the taxing units of a county, confers power on the state board of tax commissioners only to meet and expunge its record and certify that fact to the several county auditors, so that it does not authorize a new order making the same horizontal raise contained in the order declared invalid. p. 671.

**2. TAXATION.**— *Reassessment and Equalization by State Tax Board.*— *Notice.*— *Statutes.*— A reassessment and equalization by the state board of tax commissioners under Acts 1920 [Spec. Ses.] p. 153, §§10309a-10309i Burns' Supp. 1921, can be made only after notice given as required by §10139b7 Burns' Supp. 1921, Acts 1919 p. 198. p. 672.

From Marion Superior Court (A9,985) ; *Linn D. Hay,* Judge.

Action by William Bosson and others against Ralph Lemcke, Treasurer of Marion county, and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Emsley W. Johnson, Samuel D. Miller, Frank C. Dailey, William H. Thompson* and *Albert L. Rabb,* for appellants.

*U. S. Lesh,* Attorney-General, and *Dale F. Stansbury,* for appellees.

TOWNSEND, J.—In *Fesler, Auditor,* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145, this court held that the state board of tax commissioners had no power, at its extended third session or at any other session, to make the order of August 23, 1919, horizontally increasing the value of real and personal property in the taxing units of a county. And this court therein affirmed the judgment of the trial court, which permanently enjoined the extension of such horizontal increase on the tax duplicate and the collection of the taxes resulting therefrom.

In the instant case the same taxpayers of Washington township, Marion county, Indiana, sought to enjoin the same officers of the state and county (excepting a changed personnel) from entering on the tax duplicate and collecting a tax resulting from the same horizontal increase. That is to say, it is the same, unless it has been validated by reassessment pursuant to the Tuthill-

Kiper Act (Acts [Sp. S.] 1920 p. 153, §10309a *et seq.* Burns' Supp. 1921). The trial court sustained a demurrer to the complaint. Appellants refused to plead over, and judgment was rendered against them.

The complaint in the instant case, after setting out in detail the issues and proceedings in the case of *Fesler, Auditor,* v. *Bosson, supra,* alleges that the state board of tax commissioners met on the very day (July 31, 1920) that the Tuthill-Kiper Act went into effect, and readopted its order of August 23, 1919, and certified the same down to the local officers of Marion county, Indiana; that thereafter, on August 13, the county board of review of Marion county met and pretended to review and equalize the assessments on property in the several townships in Marion county by adopting the same horizontal increase so certified down by the state board, and certified said pretended equalization back to the state board of tax commissioners; that said state board, on August 16, 1920, approved said action and certified the same to the auditor of Marion county. It is further alleged that no notice of any kind was given to the taxpayers of Marion county, Indiana, or of Washington township, or to these appellants, that said state board or county board proposed to consider the matter of the increase of such assessments.

If the Tuthill-Kiper Act intends what is here alleged to have been done, it is void. If the act is valid, what is here alleged to have been done is void. The act not being perennial until repealed, it is of little consequence in this case whether the assessment fails because of a void law, or because of the failure of the assessing officers to follow the law. The attorney-general claims that the orders complained of are justified by sections one and two of the act. He asserts that the act is not a validating act, but is a reassessing act. He then says: "It is well settled that the legislature has the power to

provide for the reassessment of property, where the original assessment has failed for want of formalities or authority in the taxing officers, even though judgments have been rendered restraining the enforcement of the original assessments."

Section 1, of the Tuthill-Kiper Act (Acts [Sp. S.] 1920 p. 153, *supra*) provides: "That within ten days after the taking effect of this act, the state board of tax commissioners shall meet in special session, reconsider and review its orders dated August 23, 1919, relating to the equalization of aggregate assessments of the various counties, townships and other taxing units of the state, and without delay certify its conclusions to the auditors of the several counties of the state wherein any township or other taxing unit was or will be affected by the horizontal raise of assessments contained in said orders."

The authorities relied upon by the attorney-general to sustain the proposition, which we have quoted above from his brief, where they touch upon the question of retrospective legislation, indicate the following rule: "If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by a prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." Cooley, Constitutional Limitations (7th ed.) 531; *Johnson* v. *Board, etc.* (1886), 107 Ind. 15, 22, 8 N. E. 1.

The above rule does not apply, because the question in *Fesler, Auditor*, v. *Bosson, supra,* was not one of ir-

regularity, but a question of the jurisdiction of the state board under the act of 1919 to make, at any session, the order there questioned. It thus having been decided that the state board of tax commissioners had no power at any session to exercise any original jurisdiction in equalizing between the taxing units of a county, it must follow that §1 of the Tuthill-Kiper Act (Acts [Sp. S.] 1920 p. 153, *supra*) does no more, and could do no more, than confer power upon this board to meet and expunge its record, and certify that fact to the several county auditors, in order to give a clear record in the taxing units where the question had not been directly litigated.

Section 2 of the Tuthill-Kiper Act (Acts [Sp. S.] 1920 p. 153, *supra*) provides: "That upon receipt of said certified conclusions provided for in section 1 of this act, by the county auditor, he shall immediately convene the county board of review * * *; and said county board of review shall proceed to review and equalize the assessments on the property in said several townships and other taxing units for taxing purposes for the year 1919, and certify the same to the state board of tax commissioners in the manner now required by law. Said county board of review shall continue in session so long as may be necessary to properly discharge its duties, not exceeding ten days. Thereupon the state board of tax commissioners shall immediately proceed with the equalization of assessments as between the several counties of the state, both as to personal property and real estate, and shall make orders equalizing such assessments, and immediately thereafter certify such orders to the auditor of each of the counties of the state. After such assessments and equalization of assessments have been made as aforesaid, the said county board of review shall ascertain the amount of taxes, if any, which should be refunded to any taxpayer by reason of such reassessment and equalization,

and cause the same to be entered on the tax duplicates, and a proper order shall be issued and a warrant drawn for repayment of same to such taxpayer."

Section 10 of the Tuthill-Kiper Act (Acts [Sp. S.] 1920 p. 153 *supra*) is as follows: "This act shall be deemed supplemental legislation only."

Section 2, *supra,* does not provide within itself for notice, nor does it fix a specific time and place of meeting of the taxing officers. If this act is what it declares itself to be in §10, *supra,* then no notice of the meeting of the taxing officers was given pursuant to the 1919 tax law. The word "immediately" in §2 must be construed to mean as soon as the notice required by the 1919 tax law can be given.

It thus appears, wholly aside from the question of due process of law under the Fourteenth Amendment to the federal Constitution, that the taxing officers did not follow the processes provided for in the 1919 tax law, to which the Tuthill-Kiper Act (Acts [Sp. S.] 1920 p. 153, *supra*) declares itself to be "supplemental only." The notices required by the 1919 tax law are consistent with and applicable to §2 of the Tuthill-Kiper Act, *supra.* It therefore follows that for failure to give such notice, the orders of equalization complained of must fail.

The judgment of the trial court is reversed, with instructions to overrule the demurrer to the complaint.

Ewbank, J., not participating.