## PARKINSON, TREASURER, ET AL. v. JASPER COUNTY TELEPHONE COMPANY.

[No. 4,781.    Filed May 19, 1903.]

TAXATION.— *Omitted Property.* — *Corporations.* — Neither the county board of review nor the state board of tax commissioners have authority to reassess property assessed in previous years because of undervaluation in such previous years, nor to make an original assessment of property for previous years, as property omitted from taxation in such years, nor to increase the assessment of property for the current year because of omissions of previous years.   *pp. 144, 145.*

SAME.—*Telephone Companies.*—The scheme of taxation of telephone companies contemplates that the real estate, structures, machinery, fixtures, and appliances owned by the company shall be originally assessed by the local officials, and that such assessments may be reviewed, and property of such description omitted in the current year may be added by the county board of review, and that the remainder of the property, coming within the meaning of capital stock, shall be assessed by the state board by determining its value, and adding thereto the mortgage indebtedness, and from the amount so obtained subtracting the value of such tangible property locally assessed; the remainder being taken as the value of the capital stock to be assessed by the state board; and if such tangible property has been omitted from local assessment and taxation for previous years, it is the duty of the local officials to assess such property so omitted, and to place it on the tax duplicates.   *pp. 145, 146.*

INJUNCTION.—*Complaint.*—*Taxation.*—A complaint by a telephone company to enjoin the collection of taxes locally assessed is insufficient unless all of the taxes sought to be enjoined are invalid.   *p. 146.*

From White Circuit Court; *T. F. Palmer,* Judge.

Suit by the Jasper County Telephone Company against Robert A. Parkinson, treasurer of Jasper county, and

others. From a judgment in favor of plaintiff, defendants appeal. *Reversed.*

*E. B. Sellers,* for appellants.

*Frank Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellee.

BLACK, P. J.—A demurrer for want of facts to the appellee's amended complaint was overruled, and a demurrer to the answer of the appellants, the treasurer, the auditor, and the assessor of Jasper county, was sustained.

The complaint showed that the appellee, a corporation organized under the laws of this State, owning and operating a telephone system in different counties of this State, in each of the years of 1896, 1897, and 1898, furnished to the Auditor of State a statement of its assets for taxation, in which, amongst other things detailed in the pleading, it was shown that in those years it had no property outside of this State, and that none of its property was assessed locally for taxation, except that in 1897 and in 1898 there was a local assessment for taxes on its office furniture of $50; that these statements were true; that the state board of tax commissioners, in regular session in each of those years, from such statements and such other evidence as it heard, ascertained the value of all the assets of the appellee for the purpose of taxation, and the value so ascertained was divided among the different townships, cities, and towns, according to mileage, and before the bringing of this suit all the taxes so assessed had been paid by the appellee; that May 10, 1899, the county assessor of Jasper county, after notice to the appellee, filed in the office of the county auditor certain assessments of property of the appellee alleged to have been omitted from its assessments for 1896, 1897, and 1898; the property thus reported being telephone instruments in several townships of Jasper county, a switchboard in the city of Rensselaer, a franchise,—being the grant to use the streets and alleys

of that city for the appellee's lines,—and the capital stock
over and above the value of the tangible property; the re-
port showing the assessor's valuation as to each item of
the property so reported.  The county auditor, it was al-
leged, entered the property so reported, at such valuations,
on the tax duplicates for those years, against the appellee,
and the taxes so entered remained unpaid.  It was further
alleged that at the regular meeting in 1899 of the state
board of tax commissioners, the appellee presented the
matter of such assessments on account of alleged omissions,
and that board·found and entered of record an order as
follows:  "In the matter of the petition of the Jasper
County Telephone Company for a modification of the
assessments of the said company as fixed by the board dur-
ing the first twenty days of its present session, it is ordered
that the assessment of the Jasper County Telephone Com-
pany be fixed at $175 a mile.  This assessment is intended
to be, and is, total, and covers all the company's property
liable to assessment, except office furniture such as tables
and chairs, and horses and wagons, which are of a dis-
tinctly local character, and are to be assessed by the local
officials; and the county auditor is hereby directed to take
from the duplicate any assessment heretofore made on pole
or wire mileage, telephones, switchboards, and batteries of
the said company."  It was alleged that the appellants each
were notified of this order, but refused to comply with it;
that the assessment so made by the state board was fixed
at the amount stated on account of such alleged omission;
that it included all omissions and other charges for taxes
against the appellee for each year up to and including
1899; and that all said taxes have been paid.  It was also
alleged that the true value of all the assessed property,
rights, choses, and franchises of the appellee during each
of the years 1896, 1897, and 1898, was represented by its
capital stock, the actual value of which was set forth in
the statement furnished each year by the appellee as above

mentioned, and that the assessment of the state board during each of those years was upon and covered and included all property, franchises, choses, rights, assets, and privileges of the appellee, during each of those years, and the entire system and assets of the appellee, and no part thereof was omitted from such valuation; and the act of the county assessor and county auditor in assessing such property as omitted was only a revaluation of the property of the appellee which already had been valued for assessment during each of those years. It was shown that the treasurer was threatening, etc., and the appellee prayed for an injunction, etc.

In the answer it was alleged that in 1896 the state board assessed the lines of the appellee upon the basis of the value of its capital stock, after deducting the value for taxation of the telephones, switchboard, and the Rensselaer franchise, and fixed the value of the mileage at $25 per mile; whereas, if such property had been considered and included, the value would have been $75 per mile, and the state board omitted such property from the levy, and it was not assessed for taxation in that year; that in 1897 and 1898 the state board in fixing the assessment deducted from the value of the capital stock, as it found it, the value of a specified number of telephones, a switchboard, and the Rensselaer franchise, and did not include for taxation these items of property, and they were not assessed for taxation for that year by any officer of Jasper county, but wholly escaped taxation, and the only property locally assessed for taxation in Jasper county in 1897 and 1898 was the office furniture, which each year was assessed at $50. The cash values of the appellee's telephones in Jasper county and of the switchboard, on April 1, 1896, 1897, and 1898, were stated, and it was alleged that the appellee "did not list the said property anywhere for taxation in said years."

The complaint is somewhat obscure and its averments are apparently contradictory. While there seems to be an

intention to assert that in 1896, 1897, and 1898, all the
property of the appellee was assessed by the state board,
except that the office furniture was not so assessed in 1897
and 1898, yet it is to be gathered from the complaint that
the state board's assessment of 1899 included omitted prop-
erty not assessed in the former years; being the property,
in part, which had been assessed in 1899 by the local offi-
cers as omitted property.   The answer shows that in the
assessments by the state board for those three years, respect-
ively, the value for taxation of the telephones, switchboard,
and franchise was deducted from the value of the capital
stock.   As to the local assessment in 1899 of the capital
stock, the answer does not attempt to excuse it; and the
appellants, in their brief, admit that in attempting to assess
the capital stock the county auditor "possibly erred."

The scheme of taxation provided by our statutes mani-
festly contemplates assessment for taxation of all the prop-
erty of the corporation.   In §12 of the act of 1891 (Acts
1891, p. 199, §8422 Burns 1901), concerning taxation,
it is provided that all the corporate property, including
capital stock and franchises, except where some other pro-
vision is made by law, shall be assessed to the corporation
as to a natural person, in the name of the corporation.   In
§25 of the same act (§8435 Burns 1901), it is provided
that every franchise granted by any law of this State, owned
or used by any person or corporation, and every franchise
or privilege used or enjoyed by any person or corporation,
shall be listed and assessed as personal property.   By §53,
as amended in 1895 (Acts 1895, p. 21), the schedule to
be used by the county officers for local taxation was to con-
tain among its items of property to be assessed:   "22.
Value of property of companies and corporations other
than property hereinbefore enumerated."   "27.   Every
franchise and description and value."   In §§73 and 74
(§§8491, 8492 Burns 1901) of the act of 1891, provision
is made, in addition to the other property required by the

statute to be listed, for a statement to be furnished by certain corporations, other than telephone companies, and for the valuation and assessment by the county board of review of "the capital stock and all franchises and privileges" of such corporations. It is there indicated that in assessing the capital stock the value of the tangible property is not to be regarded as included in the value of the capital stock, if any tangible property is returned or found, but in such case the tangible property is to be assessed separately from the capital stock. In the same connection it is provided that every franchise or privilege of such corporation is likewise to be assessed by the county board of review at its true cash value, and that, where the full value of any franchise is represented by the capital stock listed for taxation, then the franchise shall not itself be taxed; but where the franchise is of greater value than the capital stock, then the franchise shall be assessed at its full cash value and the capital stock in such case shall not be assessed. Thus, while the capital stock of such a corporation and the value of every franchise must each be included in the statement so to be furnished to the assessor, and every franchise must be assessed, a franchise so reported is not to be taxed separately if its value be represented by the capital stock listed; but if the value of the franchise be not represented by the capital stock listed, and be not greater than the capital stock, it is to be assessed separately from the capital stock.

By a statute of 1893, supplementary to and amendatory of the act of 1891, provision is made for the taxation of specified corporations—among them telephone companies. Acts 1893, p. 375, §8479 Burns 1901. It is thereby provided that every telephone company doing business in this State shall deliver to the Auditor of State a verified statement with reference to the 1st day of April next preceding (being such a statement as was furnished by the appellee), showing (1) the total capital stock of the corporation; (2) the number of shares thereof issued and outstanding, and

the par or face value of each share; (3) its principal place
of business; (4) the market value of the shares of stock
on the 1st day of April next preceding, and, if they have
no market value, then the actual value; (5) the real estate,
structures, machinery, fixtures, and appliances owned by
the corporation, and subject to local taxation within the
State, and the location and assessed value thereof in each
county or township where the same is assessed for local
taxation; (6) the specific real estate, together with the im-
provements thereon, owned by the corporation, situated out-
side this State, etc.; (7) all mortgages upon the whole or
any part of its property, together with the dates and
amounts thereof; (8) (a) the total length of the lines of
the corporation; (b) the total length of the lines outside
this State; (c) the length of the lines within each of the
counties and townships in this State.   In the statement
furnished by the appellee under this statute in 1896, it did
not include any property under the fifth item, which re-
lates wholly to tangible property, and in 1897 and 1898,
it reported under that head its office furniture at a desig-
nated valuation.   It was not required to show specifically
in these statements its franchises, or the value thereof,
and it did not do so.   By §§6 and 7 of this statute of
1893, provision was made for the valuation and assess-
ment by the state board of tax commissioners of the prop-
erty of such a corporation, at its meeting for the purpose
of assessing railroad and other property.   Omitting pro-
visions not applicable to the case before us, the method pre-
scribed for the state board required it first to ascertain the
true cash value of the entire property owned by the appel-
lee, for that purpose taking the aggregate value of all the
shares of capital stock if they had a market value, and the
actual value if they had no market value.   If the property,
or any portion of it, was encumbered by mortgage, the board
was to ascertain the true cash value of the property of the
corporation by adding to the value of the shares of stock

the amount of the mortgage or mortgages; the result of such addition to be deemed and treated as the true cash value of the property of the corporation. From the entire value so ascertained the state board was required to deduct the assessed value for taxation of all the real estate, structures, machinery, fixtures, and appliances, owned by the corporation within this State, and the residue of such value so ascertained, after deducting therefrom the assessed value of such local properties, was to be by the state board assessed to the appellee.

The board was required to ascertain the value of the property of the corporation from its statement submitted to the Auditor of State, and from such other information as it might have or obtain; having authority to require the agents or officers of the corporation to appear before the board, with such books, papers, or statements as the board might require, and to require additional statements to be made to the board, and to compel the attendance of witnesses, if deemed necessary by the board, to enable it to ascertain the true cash value of the property.

The county auditor, by §§9 and 10 of that statute, was required to apportion the amount of taxes certified to him by the Auditor of State among the several townships into which the lines of the company extended, in proportion to the length of the lines in the townships, and to add to the value so apportioned the assessed valuation of the real estate, structures, machinery, fixtures, and appliances situated in any township, and to extend the taxes thereon upon the duplicates as in other cases.

In §129 of the act of 1891, *supra,* as amended in 1895 (Acts 1895, p. 74, §8547 Burns 1901), provision is made for a meeting of the state board in July of each year to assess railroad property and all property belonging to certain classes of owners, including telephone companies, transacting business in this State; the time of the meeting for such purpose not to exceed twenty days. Provision is

there made for the reconvening of the board to hear appeals, and also applications for revision of assessments, which by law it is required or permitted to make, and for the equalization of assessments of real estate. After this session for hearing appeals and applications for revision of its assessments, and the equalization of real estate assessments, it is required to convene again to hear complaints or applications for change in the assessment, made by the owners of railroad property, and all other persons, corporations, etc., whose assessments have been fixed at the first session. The state board is given all powers given to county boards of review. It is not bound by any reports or estimates of property as returned to county auditors or to the Auditor of State, or certified to the latter in connection with appeals or applications for revision, review, or assessment, but is to appraise and assess all property coming before it for assessment, directly or indirectly, at its cash value; having power to send for persons, books, and papers, and to examine records, and to hear and question witnesses.

Sections 114 and 115 of the act of 1891 (Acts 1891, p. 199) as amended in 1895 (Acts 1895, p. 74; §§8532, 8533 Burns 1901), prescribing the powers and duties of the county board of review, provide for the addition by that board of property omitted from the list of that year, but do not provide for adding property omitted in other years.

By §125 of the act of 1891, as amended in 1895 (§8543 Burns 1901), appeals may be taken to the state board from the county board of review from (amongst other matters) an order for the assessment of hidden or omitted property, and it is provided that the state board may make such regulations in regard to the taking of appeals, "not inconsistent herewith," as they may deem necessary to protect the rights of the parties questioning their assessments, and that, upon appeal from an assessment by the party aggrieved, the state board shall assess the property in con-

troversy, and the Auditor of State shall certify all such changes made by the state board, showing the assessment made by the county or township officials and that made by the state board, which latter amounts shall be by the county auditor extended on the tax duplicates in lieu of the amounts fixed by the township or county officials, or by the county board of review.

The provision of the statute conferring upon the state board the powers possessed by the county boards of review were intended to confer such power in cases where the state board had jurisdiction, either original or appellate, and not to confer original jurisdiction over all the property of the State. *Jones* v. *Rushville Nat. Bank,* 138 Ind. 87; *Cummings* v. *Stark,* 138 Ind. 94; *Eaton* v. *Union County Nat. Bank,* 141 Ind. 136.

Authority to assess property because of its omission from taxation in previous years must be derived from the terms of some statute considered according to its meaning, and the intent of the legislature shown thereby. If the language employed may be construed as relating to assessments for the current year only, it will not be extended to embrace the special and exceptional assessment of property omitted in previous years. See *State, ex rel.,* v. *Howard,* 80 Ind. 466; *Stockman* v. *Robbins,* 80 Ind. 195; *Scott* v. *Town of Knightslown,* 84 Ind. 108; *Hamilton* v. *Amsden,* 88 Ind. 304; *Lang* v. *Clapp,* 103 Ind. 17.

The county board of review had power to add omitted property, but only property omitted from the lists of the current year. Neither the county board nor the state board appears to have authority to reassess property assessed in previous years because of undervaluation in such previous years; and we are unable to find any statutory provision authorizing the state board to make an original assessment of property for previous years, as property omitted from taxation in such years, or to increase the assessment of

property for the current year because of omissions of previous years.

The scheme of taxation provided for telephone companies seems to contemplate that certain parts of their property—those designated in the fifth clause of §8479 Burns 1901—shall be originally assessed by the local officials, and that such assessments may be reviewed, and property of such description omitted in the current year may be added, by the county board of review, and that the remainder of the property, coming within the meaning of capital stock, shall be assessed by the state board, by determining its value and adding thereto the mortgage indebtedness, and from the amount so obtained subtracting the value of such tangible property locally assessed; the remainder being taken as the value of the capital stock to be assessed by the state board. If any such tangible property has, in fact, been omitted from local assessment and taxation for previous years, it is the duty of the local officials, under statutes giving them ample authority for the assessment of omitted property, to assess such property so omitted, and to place it on the tax duplicates.

All the franchises of the corporation are to be assessed for taxation. In the case of telephone companies, the corporation is not required to mention its franchises specifically in the statement to be furnished to the Auditor of State as the basis of the action of the state board, and it seems to be contemplated by the statute that the franchises of such a company are to be regarded as represented by the capital stock; and we are inclined to the opinion that, when the state board has assessed the capital stock, the franchises of the corporation are to be regarded as having been included in the assessment, though doubtless the contrary may be shown on a review by the state board of its first assessment of the current year. However this may be, it seems to be

sufficiently indicated that the franchises of such company are not to be assessed by the local officials, either for the current year or for previous years; and that they can not properly be assessed by the state board for previous years.

The complaint of the appellee can not be considered sufficient, unless all of the taxes which it is sought thereby to enjoin be invalid. We do not conceive that the question is here necessarily involved as to whether telephone instruments and switchboards of a telephone company may properly be regarded by the state board as property to be included in determining the taxable value of the capital stock for the current year, when such tangible property is not locally assessed, or may properly be assessed for taxation only by the local officials. The case before us rather presents an instance where such tangible property, capable of identification by the local authorities, was not listed, assessed, or taxed in previous years in any manner, and has been placed upon the tax duplicate as omitted property for such years by the local officers, no other officials having authority thus to enforce taxation of such tangible specific property for previous years; and we are of the opinion that for the taxes on such omitted tangible property the appellee is liable.

Judgment reversed, with instruction to sustain the demurrer to the complaint.