# BOARD OF COMMISSIONERS OF THE COUNTY OF ST. JOSEPH v. THE TINCHER MOTOR CAR COMPANY.

[No. 8,280.   Filed April 9, 1914.]

1.  STATUTES.—*Conflict.—Implied Repeal.*—Where there is a conflict between two sections of legislative enactments, the last must be controlling.   p. 51.
2.  TAXATION.—*Authority of Board of Review.—Statutes.*—Under §10279 Burns 1908, Acts 1903 p. 49, the county board of review has authority to equalize the valuation made by assessors, and to correct all errors as to names of persons, descriptions of property, etc., and it was evidently intended by the legislature that the authority of such board to correct errors and mistakes in the valuation or assessment of property should extend only to property actually within the county in which the board exists, and that actions to correct such errors should be taken upon the report of the assessors before the property has been entered upon the tax duplicates and before the payment of the taxes by the party charged therewith.   p. 52.
3.  TAXATION.—*Recovery of Taxes Wrongfully Collected.—Jurisdiction.—Statutes.*—Section 6088 Burns 1908, §5813 R. S. 1881, providing that where any person shall establish before the board of county commissioners that he has paid taxes that were wrongfully assessed against him the board shall order the excess refunded to him from the county treasury, is not in conflict with §10279 Burns 1908, Acts 1903 p. 49, defining the duties and powers of the county board of review, so that where a taxpayer was assessed on property not within the jurisdiction, and was compelled to pay taxes thereon, relief was properly sought by application to the board of commissioners under §6088, *supra*, p. 53.
4.  COURTS.—*Jurisdiction.—Appeal From Board of County Commissioners.*—The circuit court has jurisdiction to hear and determine the merits of an appeal from an order of the board of county commissioners denying relief under §6088 Burns 1908, §5813 R. S. 1881, on an application for the recovery of taxes wrongfully collected.   p. 54.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by The Tincher Motor Car Company against the Board of Commissioners of the County of St. Joseph.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Fred Woodward,* for appellant.

*Samuel Parker, M. L. Howell, S. C. Hubbell, Vitus G. Jones* and *John G. Yeagley,* for appellee.

SHEA, P. J.—Appellee in this case filed a petition before the Board of Commissioners of St. Joseph County setting up substantially the following facts: That as a corporation organized under the laws of Illinois, and doing business under the laws of Indiana, it was engaged in the manufacture of automobiles, and during 1907 and part of 1908 it had a factory in the city of South Bend, Indiana, for assembling its engines and certain parts; that the bodies of the automobiles were made in the city of Chicago, Illinois, and certain of its property was left in South Bend during the early part of 1909. All the property except that listed in a schedule made a part of the petition by exhibit was in Chicago, and assessed and taxed in the state of Illinois; that by mistake appellee was unjustly and unequitably assessed for property in the State of Indiana in the sum of $36,700 which assessment stands on the tax duplicate of St. Joseph County for the year 1908, when in fact the greatest amount of property owned and held by it in Indiana did not exceed $9,638; that appellee's property has been levied on by the county treasurer to compel the payment of the sum of $1,197.06, when the total amount of same should be $273.65; "that by reason of the foregoing facts this company has been wrongfully and unjustly and unequitably and erroneously assessed in the sum of and compelled to pay tax in the sum of $923.41, more than is due for the year 1908, and that the treasurer has caused a levy to be made on the property of this company, and has wrongfully, unjustly, unequitably and erroneously compelled this company to pay the sum of $1,197.06 as the taxes for the year 1908; that this company had to pay said treasurer the sum of $923.41 against its will and under compulsion to protect its property and to prevent the sale

thereof'', wherefore, it is asked that the county treasurer be directed to pay back to appellee the sum of $923.41.

The petition was denied and an appeal taken to the court below. Appellant filed a motion to dismiss the appeal on the ground that the court did not have jurisdiction of the subject-matter of the action, which motion was overruled. The cause was submitted to the court for trial, resulting in a finding for appellee and judgment for $994.96.

The only question presented by appellant's counsel in a very able brief and in an oral argument heard by the court, is the alleged error of the court below in overruling the motion to dismiss this cause, made in the circuit court after the first trial of the cause there. The determination of this question involves the construction of §§10279 and 6088 Burns 1908, Acts 1903 p. 49, §5813 R. S. 1881. Section 10279, *supra,* as it first appeared was enacted by the General Assembly of 1891, and became effective March 6, 1891 (§8532 Burns 1894, Acts 1891 p. 199, §114). It creates and provides for the appointment and organization of the county board of review, and defines the duties which shall be discharged by said board. This act was amended by the act of 1903 (Acts 1903 p. 49). Section 6088, *supra,* was enacted in 1853, and was in force from and after July 24th of that year. By the well settled rules of construction, wherever there is a conflict between two sections of legislative enactments, the last must be controlling. *Carver* v. *Smith* (1883), 90 Ind. 222, 226, 46 Am. Rep. 210; *Wright* v. *Board, etc.* (1882), 82 Ind. 335, 337; *Shea* v. *City of Muncie* (1897), 148 Ind. 14, 21, 46 N. E. 138. It is insisted on behalf of appellant that the act creating the board of review and defining its powers and duties is intended to cover the whole subject of the correction of errors in assessing taxes, and that inasmuch as appellee company had some property situated in the county of St. Joseph, the assessment of property owned by it, but situated

in the state of Illinois, was but an error or mistake of the taxing officer, which could and should have been remedied by a proper application to the board of review; that the fact of the presence of some property in the county of St. Joseph gave the assessor authority or jurisdiction to assess it, and in assessing property outside of his jurisdiction he merely made a mistake or error. On the other hand, it is contended on behalf of appellee, and this seems to have been the view taken of it by the trial court, that the assessor had absolutely no authority to assess property outside of his jurisdiction, and any attempt to do so was wrongful and wholly without authority of law, and therefore the relief from the proper tribunal was rightly invoked in a petition filed before the board of county commissioners, and that the appeal from the decision of the board to the circuit court was entirely proper.

An examination of §10279, *supra,* discloses that it was designed to vest in the board of review authority to equalize the valuation made by assessors by adding to or taking therefrom sums necessary to fix assessments at the true cash value; that the board may add or omit property, or increase the valuation thereof, to correct all errors in the names of persons, in the description of property on the assessment list, or in the assessment or valuation of the property thereon, and may correct the assessment or valuation of any property in such manner as may in its judgment make the valuation thereof just and equal. A careful examination of this section convinces the court that it was intended that the  board of review should be vested with authority to correct errors and mistakes in the valuation or assessment of property actually within the jurisdiction of the county where such board is created, and contemplates that an action to correct such an error shall be taken upon the report of the assessors and before the payment of the taxes by the party charged therewith, and before the property has been entered for taxation on the proper tax

3.    duplicates of the county.  Section 6088, *supra,* reads as follows:  "In all cases where any person or persons or body politic or corporate shall appear before the board of commissioners of any county in the state, and establish, by proper proof, that such person or body politic or corporate has paid any amount of taxes which were wrongfully assessed against such person or body politic or corporate in such county, it shall be the duty of said board to order the amount, so proved to have been paid, to be refunded to said payer from the county treasury, so far as the same was assessed and paid for county taxes."  This section as construed by the court, is not in conflict with any provision of §10279, *supra.*  This section is designed to give relief in cases where taxes have actually been paid into the county treasury, which have been wrongfully or unlawfully assessed.  Indeed we see no reason why a taxpayer having property situated in St. Joseph County, assessed doubly, for instance, upon which he has made payment by mistake, could not go before the board of commissioners and rightfully claim relief from such double taxation under the provisions of §6088, *supra.*  To say that the taxpayer in this instance is absolutely foreclosed from obtaining any relief for a wrongful assessment of his property because by an oversight, or lack of information of the facts, he has failed to present his case to the board of review, and that he shall thereafter be forever precluded from obtaining the relief to which he is justly entitled, is manifestly not the intention of the law.

The case of *Stevens* v. *Smith* (1902), 30 Ind. App. 120, 65 N. E. 564, was an action by a taxpayer of Warren County against the county auditor to declare void and cancel an assessment of personal property belonging to him, and for an injunction against the auditor to prevent him from placing the property upon the tax duplicate of the county for taxation in the town of Williamsport, the property having been assessed, and as appellee in that case contended, hav-

ing been rightly placed upon the tax duplicate of another township in Warren County. In passing upon the question the court said: "It is equally true that the tax laws of the state do not contemplate that the primary right to levy a tax upon a citizen shall be determined by, or submitted to, a board of review. The duty of the board of review goes to the extent and valuation of the property of a citizen for taxation when the right to levy the tax has been determined, or where the right is unquestioned." It is further said: "The complaint alleges that appellee is a resident of Liberty township, and if this averment is sustained by the find-ing and evidence, the action of the assessor and the county board of review in assessing appellee's property in a township in which he was not a resident was illegal and void. The assessment was utterly void because there was an entire absence of jurisdiction." We therefore conclude that this petition was properly filed before the board of commissioners in the first instance.

No question is raised as to the regularity of the appeal to the circuit court. The circuit court had jurisdiction to hear and determine the merits of the case, and the motion to dismiss was properly overruled. Judgment affirmed.

NOTE.—Reported in 104 N. E. 876. As to recovery of taxes wrongfully exacted, see 94 Am. St. 426. See, also, under (1) 36 Cyc. 1130; (2) 37 Cyc. 1074; (3) 37 Cyc. 1172, 1174; (4) 11 Cyc. 818.