## BOARD OF COMMISSIONERS OF MARION COUNTY *v.* WESTERN ELECTRIC COMPANY.

[No. 25,185. Filed July 26, 1926. Rehearing denied November 5, 1926.]

1. TAXATION.—In a proceeding under §332 of the tax law of 1919 (Acts 1919 p. 198, §14376 Burns 1926) to have a refund of taxes wrongfully assessed and collected, the claimant need only show that such taxes were "wrongfully assessed." p. 420.

2. TAXATION.—*Notice of proposed horizontal increase is mandatory and essential.*—Although the act of 1920 (Acts 1920 p. 153, §§10309a-10309j Burns' Supp. 1921) did not require notice of the time, place and object of a hearing of the State Board of Tax Commissioners on a proposed horizontal increase of the valuation of property for taxation in any taxing unit, such notice was required by the tax law of 1919 (Acts 1919 p. 198, §182, §14222 Burns 1926), and a horizontal increase of such valuation made without notice was invalid. p. 422.

From Marion Circuit Court (2,140) ; *Harry O. Chamberlin,* Judge.

Claim by the Western Electric Company for a refund of taxes. From a judgment for claimant on appeal from an order of the board of commissioners disallowing the claim, the Board of Commissioners of Marion county appealed. (Transferred from the Appellate Court under §1357, subd. 2, Burns 1926). *Affirmed.*

*Schuyler A. Haas, William A. Hough, Russel J. Ryan* and *Willis C. Nusbaum,* for appellant.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Thomas D. Stevenson, Albert L. Rabb* and *Perry E. O'Neal,* for appellee.

GEMMILL, J.—By its claim, in the nature of a complaint, duly filed with appellant, the appellee sought a refund of taxes alleged to have been wrongfully assessed for the year 1919. The claim was disallowed by the board of commissioners and claimant appealed to

the Marion Circuit Court, where it recovered judgment in the sum of $1,075.72. This appeal is from that judgment.

The claim or complaint contains the following allegations: That the claimant (appellee) was a foreign corporation, duly authorized and admitted to do business within the State of Indiana; that claimant's property in Center township, Marion county, Indiana, was duly and finally assessed for taxation for the year 1919 at a named figure; that thereafter said assessment was unlawfully increased by the state taxing officers pursuant to a certain pretended order of the State Board of Tax Commissioners entered August 23, 1919, prescribing a horizontal increase in all assessments; that prior to May 4, 1920, claimant paid the first instalment of all the taxes assessed against it, including taxes based upon such unlawful increase, but paid the same under protest and under an agreement with the treasurer of Marion county that so much of said payment as was based upon said unlawful horizontal increase would be credited upon the second instalment of claimant's taxes for 1919, if that increase was finally held invalid; that thereafter said increase was finally held invalid by the superior court of Marion county, Indiana, in another suit therein; that thereafter the Indiana General Assembly adopted an act known as the Tuthill-Kiper Act, and thereafter the State Board of Tax Commissioners of the State of Indiana, the board of review of Marion county, Indiana, and the taxing officers of said county, all purporting to act under the provisions of said statute, took such action as in effect to readopt and reaffirm said pretended order of equalization of August 23, 1919; that such action was illegal and void for the reasons that said Tuthill-Kiper Act was void; that no notice was given claimant or any taxpayer of said increases in assessments made under said act; that

said increases in assessments were unlawful and excessive; that thereafter claimant paid all the taxes assessed against it for the second instalment of 1919, including taxes based on said unlawful increase, but paid the same not voluntarily but under protest; that such illegal taxes so paid under protest by claimant have not been distributed but remain in the hands of said treasurer; and that claimant is entitled to a refund thereof.

In the circuit court, the appellant filed an answer in three paragraphs. The first was a general denial, which was afterwards withdrawn. The second paragraph alleged that the property of claimant, as increased in assessment, and upon which the taxes were paid, was taxed and appeared upon the duplicate at no more than its true cash value as defined by statute and equally and proportionally with all other property. The third paragraph was an answer to a part of the claim and contained allegations similar to those in the second paragraph, together with the further allegation that the valuation of claimant's property and all other property as it was entered upon the tax duplicate, including the increases claimed to be void, was used by the county auditor and included by him in his certificates of total valuations to the various tax levying bodies in 1919, and was used by such tax levying bodies in fixing the rates to be collected; that all such rates were reduced by the use of such total valuations to make a total rate of $1.60 on each $100, which was the rate paid by claimant; that upon the budget of expense used by the various tax levying bodies, a rate of $1.97 on each $100 would have been necessary if the increase complained of had not been used.

Appellee's demurrers to the second and third paragraphs of answer were sustained and appellant refused to plead further. Errors relied upon for reversal are the sustaining of said demurrers.

It is required by statute that the claimant need only show by proper proof that the taxes, a refund

1. of which is sought, were "wrongfully assessed." §14376 Burns 1926.

In *Fesler, Auditor,* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145, the horizontal increases in assessments made by the State Board of Tax Commissioners on August 23, 1919, were held invalid.

That thereupon, the General Assembly, in special session in July, 1920, passed an act concerning taxation, which it was provided should be known and referred to as the Tuthill-Kiper Act. Acts 1920 (Spec. Sess.) p. 153. Section 1 of said act is as follows: "That within ten days after the taking effect of this act, the State Board of Tax Commissioners shall meet in special session, reconsider and review its orders dated August 23, 1919, relating to the equalization of the aggregate assessments of the various counties, townships and other taxing units of the state, and without delay certify its conclusions to the auditors of the several counties of the state wherein any township or other taxing unit was or will be affected by the horizontal raise of assessments contained in said orders." Part of §2 provides: "That upon receipt of said certified conclusions provided for in section 1 of this act, by the county auditor, he shall immediately convene the county board of review * * *; and said county board of review shall proceed to review and equalize the assessments on the property in said several townships and other taxing units for taxing purposes for the year 1919, and certify the same to the State Board of Tax Commissioners in the manner now required by law. * * * Thereupon the State Board of Tax Commissioners shall immediately proceed with the equalization of assessments as between the several counties of the state, both as to personal property and real

estate, and shall make orders equalizing such assessments, and immediately thereafter certify such orders to the auditor of each of the counties of the state." It is alleged in the claim or complaint that said taxing officers, under the authority of said act, attempted to readopt and reaffirm said order of equalization of August 23, 1919, and thereby increased appellee's original assessment on its personal property by fifty per cent.

In *Bosson* v. *Lemcke, Treas.* (1922), 192 Ind. 668, 137 N. E. 551, taxpayers of Washington township, Marion county, Indiana, sought to enjoin certain state and county officers from entering on the tax duplicate and collecting a tax resulting from the horizontal increase after action thereon pursuant to the Tuthill-Kiper Act. And this court held that a reassessment and equalization by the State Board of Tax Commissioners under said act could be made only after notice given as required by the tax law of 1919. And it was also declared that for failure to give such notice, the order of equalization must fail.

The question as to what tax statutes are mandatory and what are merely directory often arises in connection with statutes relating to the assessment of property. In 3 Cooley, The Law of Taxation (4th ed) §1060, the following in regard thereto is stated: "If the provision is mandatory it must be followed or the assessment will be invalid; but if it is merely directory the assessment is not necessarily invalid because of failure to observe the statute. The test is whether the provision is for the benefit and protection of the individual taxpayer. If it is, the provision is mandatory. On the other hand if the regulations are designed to secure order, system and dispatch in proceedings, and the rights of interested taxpayers cannot be injuriously affected, the provisions are merely directory."

In the second Bosson case, *Bosson* v. *Lemcke, Treas.*,

*supra,* assessments there considered were similar to the one on which appellee's claim is predicated, all having been made under the Tuthill-Kiper Act, but without notice to interested taxpayers. In that case, this court, in deciding that the demurrer to the complaint should be overruled, in effect held that the notice to taxpayers was mandatory. We adhere to that opinion, believing that same correctly states the law. The required notice to taxpayers by the State Board of Tax Commissioners of time, place and object of a hearing upon assessments for review and reassessment was provided for the benefit and protection of the individual taxpayer. And the failure to give such notice cannot be regarded as a mere irregularity of no consequence to the taxpayer affected thereby. Neither the second paragraph nor the third paragraph of answer constitutes a defense to that part of the claim or complaint which states that no notice was given claimant of said increase under the Tuthill-Kiper Act. Each of said paragraphs of answer being fatally defective in the particular named, it is not necessary to consider the various averments therein.

The judgment is affirmed.

Ewbank, J., not participating.