CULBERTSON, EXECUTRIX *v.* BOARD OF COMMISSIONERS OF FAYETTE COUNTY.

[No. 26,548. Filed March 12, 1935.]

*Jean R. Kiplinger* and *Douglas J. Morris,* for appellant.

*Henry M. Dowling* and *Leroy C. Hanbey,* for appellee.

ROLL, J.—Appellant filed her claim before the board of commissioners of Fayette county to recover certain taxes, which she alleged were wrongfully assessed and wrongfully collected. The claim was refused by the board and an appeal was taken to the circuit court. Upon a change of venue the cause was sent to the Rush Circuit Court. Appellee demurred to the complaint, which was sustained. Appellant elected to stand on her complaint and refused to plead further. Judgment was rendered against her and this appeal was perfected, assigning as the only error the sustaining of the demurrer to the complaint.

The complaint or claim for a refund of taxes was in two paragraphs. The first paragraph fully states the facts, and the second contains no facts that are not alleged in the first. If the first paragraph is sufficient, the second is also sufficient, and if the first is insufficient, the second is likewise insufficient. So what we say with reference to the first paragraph is also applicable to the second.

The first paragraph of complaint alleges in substance the following facts: That John M. Culbertson died testate on April 18, 1924, and Mary J. Culbertson was appointed special administratrix of his estate on May 12, 1924, to serve pending a suit to contest the will of the said John M. Culbertson. The will of said decedent was probated on April 2, 1925, and Mary J. Culbertson and Alice C. Culbertson were appointed executrices of said estate under the provisions of the will; that on February 20, 1888, said decedent became the owner of 100 shares of the original seven per cent guaranteed stock (par value $100.00) in what was known as the Pittsburgh, Fort Wayne and Chicago Railway Company, and continued to own said stock until March 11, 1919, when the same was exchanged for 100 shares of the preferred stock of said company, in accord with the plan of said company. That he continued to own said stock until the date of his death. That said railway company was at all times an Indiana corporation. That from March 1, 1889, until March 14, 1905, decedent owned 45 shares of the common stock (par value $50.00) of The Little Miami Railroad Company, an Ohio corporation, and from March 11, 1905, until his death he was the owner of 124 shares of stock (par value $50.00) in said corporation. Said stock was never listed for taxation by decedent in his lifetime. On September 24, 1924, the auditor of Fayette county placed all of said stock on the tax duplicate as omitted property, and charged the same in the name of decedent. The total amount of the tax on account of listing the above stock as omitted property amounted to $10,001.05, which the special administratrix paid (under protest) to the treasurer of Fayette county on November 3, 1924, as and for the taxes on said alleged omitted property for the years 1888 to 1923, both inclusive; that at said time said special administratrix was informed and in good faith believed

each of said railroads during all of said time were foreign corporations organized under the laws of states other than Indiana, and that said stock was legally and rightfully assessed for taxation during each of said years of ownership by said decedent, but in truth and in fact said Pittsburgh, Fort Wayne and Chicago Railway Company was, during all of said years, a domestic corporation duly organized under the laws of the state of Indiana, and in truth and in fact said stock in said company was never lawfully subject to taxation against decedent as owner thereof; that in truth and in fact for each of said years from 1888 to 1923, both inclusive, all lawful taxes on said shares of stock in said company were duly paid by said Pittsburgh, Fort Wayne and Chicago Railway Company; that not until long after said special administratrix paid said taxes assessed as aforesaid on said shares of stock in the said Pittsburgh, Fort Wayne and Chicago Railway Company did she ascertain the fact that said railway company was an Indiana corporation, and that it had paid the taxes on the stock so owned by decedent, and that the payment by her of said taxes to the treasurer of Fayette county was made in complete ignorance of said facts. That of the total sum of $10,001.05 paid, as above set out, the sum of $6,253.17 was wrongfully assessed as aforesaid and ignorantly paid by said special administratrix as and for taxes on stock in the said Pittsburgh, Fort Wayne and Chicago Railway Company for the years 1888 to 1923, both inclusive; that for the reasons hereinbefore set out appellant seeks by this action to recover said $6,253.17, together with interest at the rate of 6 per cent.

Appellee demurred to appellant's complaint for insufficient facts. The third, fifth, and sixth paragraphs of its memorandum attached to said demurrer are as follows:

"3. Each paragraph of said petition is insuffi-

cient in its statement of facts in that it fails to allege facts showing that any of the taxes alleged to have been paid by the estate of said John M. Culbertson, were wrongully assessed against said estate or wrongfully paid on its behalf."

"5. Each paragraph of said petition is insufficient in its statement of facts in that it shows that the taxes sought to be refunded were extended on assessments made as the judgment of a taxing officer authorized to make same, and each of said paragraphs fail to show that any complaint was registered at the time said assessments were made, either by application for rehearing or by an appeal with respect to said assessments."

"6. Each paragraph of said petition is insufficient in its statement of facts in that it shows that the taxes sought to be recovered were voluntarily paid by or on behalf of the estate of John M. Culbertson."

This action for a refund of taxes is brought under the provisions of §332 of the tax law of 1919, chapter 59, Acts 1919, p. 198, §14376, Burns Ann. St. 1926, §64-2819, Burns 1933, §15881, Baldwin's 1934, which provides:

"In all cases where any person or persons or body politic or corporate shall appear before the board of commissioners of any county in this state, and establish, by proper proof, that such person or body politic or corporate has, at any time, paid for any year or part thereof any amount of taxes which were wrongfully assessed against such person or body politic or corporate in such county, it shall be the duty of said board to order the amount so proved to have been wrongfully paid to be refunded to said payer from the county treasury, so far as the same was assessed and paid for county taxes, and the county auditor shall draw his warrant therefor and the county treasurer shall pay the same out of any money not otherwise appropriated: Provided, however, That after January 1, 1919, any such person or persons, body politic or corporate, shall be barred from recovering any such taxes further back than a period of ten years: Provided, further, That it shall not be necessary

for, the county council to appropriate any such money ordered to be refunded before the same shall be paid: And provided further, That no taxes shall be considered as having been wrongfully paid or as having been wrongfully assessed when same were extended or assessments made as the judgment of taxing officers authorized to make same, and concerning which no complaints were registered at the time same were made either by application for rehearing or by any appeal."

It is well settled that there could be no refund of taxes, voluntarily paid, at common law. In the case of *The City of Indianapolis* v. *Vajen* (1887), 111 Ind. 240, 246, 12 N. E. 311, it was said:

"It is a well established doctrine of the common law that a party who, without fraud or imposition, pays an illegal demand, having at the time knowledge of all the facts which render the demand illegal, unless payment be made upon some immediate or urgent necessity, or to release his person or property from detention or to prevent the immediate seizure of his person or property, such payment will be deemed to have been voluntarily made. To a party who thus pays an illegal demand the common law affords no right of recovery. *Jenks* v. *Lima Tp.*, 17 Ind. 326; *Lima Tp.* v. *Jenks*, 20 Ind. 301; *Town of Ligonier* v. *Ackerman*, 46 Ind. 552 (15 Am. R. 323); *Board, etc.*, v. *Armstrong*, 91 Ind. 528; *Board, etc.*, v. *Ruckman*, 57 Ind. 96; *Lamborn* v. *County Com'rs*, 97 U. S. 181; *Railroad Co.* v. *Commissioners*, 98 U. S. 541; *Union Ins. Co.* v. *City of Allegheny*, 101 Pa. St. 250."

By statute the right to a refund of taxes wrongfully assessed and wrongfully paid could be recovered regardless of whether they were paid voluntarily or involuntarily; *The City of Indianapolis* v. *Vajen, supra,* and the same is true under our present statute, §14376, *supra.* So we need not consider the question as to whether appellant paid the taxes, herein sought to be recovered, voluntarily or involuntarily.

It has also been held that the right to a refund of

taxes wrongfully assessed and wrongfully paid is statutory; *Board of Commissioners of Boone County* v. *Adler* (1922), 77 Ind. App. 296, 133 N. E. 602, and that such remedy is exclusive. The legislature by the above statute has made provisions whereby taxes wrongfully assessed and wrongfully paid may be recovered. But before appellant is entitled to recover in this action, she must by her complaint bring herself clearly within the provisions of said statute. *Durham* v. *Board, etc.* (1883), 95 Ind. 182. Prior to the passage of the 1919 act, *supra,* the claimant was granted a refund, when he made proof that he had been wrongfully assessed and the taxes had been wrongfully collected, within the meaning of the words "wrongfully assessed" and "wrongfully paid," as they were used in the statute. The statute did not attempt to limit the words "wrongfully assessed" or "wrongfully paid" and the courts, prior to 1919, were concerned with the question, when is property "wrongfully assessed" or "wrongfully paid?" within the meaning of that statute. But the 1919 act, *supra,* limited the scope of what would be considered as "wrongfully assessed" or "wrongfully paid," as it affects and relates to the right to a refund of taxes paid. They in effect said that, notwithstanding the fact, certain property might be wrongfully assessed, or taxes wrongfully paid, within the meaning of the statute as it had theretofore existed, but under the provisions of this act (1919) no wrongfully assessed property nor taxes wrongfully paid "shall be considered as having been wrongfully paid or as having been wrongfully assessed, when the same were extended or assessments made as the judgment of taxing officers authorized to make the same, and concerning which no complaints were registered at the time same were made, either by application for rehearing or by any appeal." The complaint herein

shows on its face that the shares of stock in the two railroad companies were placed and extended on the tax duplicate by the *county auditor* of Fayette county. Under §14246, Burns Ann. St. 1926, §64-1402, Burns 1933, §15739, Baldwin's 1934, ch. 59 of the Acts 1919, p. 198 (being a part of the same act which authorizes a refund of taxes, under the provisions of which this action is brought), the county auditor is specifically designated as one of the officers authorized to list omitted property, and §14298, Burns Ann. St. 1926, §64-2103, Burns 1933, §15804, Baldwin's 1934, being §256 of said 1919 act, provides for an appeal to the circuit court from any action of said officer, or any other officer in so listing property. Appellant makes no showing whatever that any *complaint* was made at the time said stock was listed for taxation either by an *application for a rehearing* or that *any appeal* was taken as required by the refund statute.

Appellant claims that the listing of the stock in the Pittsburgh, Fort Wayne and Chicago Railway Company was void, for the reason said company was an Indiana corporation and that said company had paid the taxes on said stock, and an appeal to the circuit court was unnecessary, and cites in support of this proposition *Croop* v. *Walton* (1927), 199 Ind. 262-265, 157 N. E. 275; *Parkinson* v. *Jasper County Telephone Co.* (1902), 31 Ind. App. 135, 67 N. E. 471; *Senour, Treasurer* v. *Ruth* (1894), 140 Ind. 318, 39 N. E. 946; *Board* v. *Tincher Motor Car Co.* (1913), 56 Ind. App. 49, 104 N. E. 876; *Buckingham* v. *Kerr* (1918), 68 Ind. App. 290, 120 N. E. 422; *Board, etc.,* v. *Western Electric* (1926), 198 Ind. 417, 153 N. E. 177. It is not necessary for us to decide whether the tax levied upon the stock owned by decedent in the domestic railroad company was *void* or otherwise, for the conclusion as far as this case is concerned would be the same.

It will be noted that all the cases above cited, except the cases of *Board* v. *Tincher Motor Car Co., supra,* and *Board, etc.,* v. *Western Electric, supra,* are suits to enjoin the collection of alleged illegal taxes. It was said by this court in the recent case of *Board of Commissioners of Marion County* v. *Millikan* (1934), 207 Ind. 142, 151, 190 N. E. 185, where the identical question was considered, that:

> "If the assessment is void or wrongful, they have ample notice of such assessment before they pay them and they are not compelled to pay such taxes. They may refuse to pay the same and apply to the courts for an injunction against the proper officers to restrain them from collecting such taxes."

This is in accord with and is supported by the cases cited and relied upon by appellant.

The case of *Board* v. *Tincher Motor Car Co., supra,* was a suit to recover a refund of taxes alleged to have been wrongfully assessed. The claim was filed originally before the county commissioners, and then an appeal was taken to the circuit court, where appellant's motion to dismiss for want of jurisdiction was overruled. The claim for a refund was brought under §6088, Burns 1908; said statute is in substance the same as §14376, Burns Ann. St. 1926, under which the present action is based, except said 1919 act limits the words "wrongfully assessed" and "wrongfully paid," as hereinbefore set out, and the court in the above case held that the motion to dismiss was properly overruled. We think the court was quite right in its ruling under the statute as it then existed.

In the case of *Board, etc.,* v. *Western Electric, supra,* it seems that the limiting provisions of the 1919 act were not called to the court's attention, and they make no mention of that subject, and no construction was given to that particular clause, and recovery was al-

lowed apparently as though no change was made in the refund statute by the 1919 act.

If appellant had refused to pay the taxes here in question and this had been a suit to *enjoin* the officers from collecting the same, a very different question would be presented.

This court, as above stated, considered the question presented in this appeal in the case of *Board* v. *Millikan, supra,* and decided adversely to appellant's contentions. We do not deem it necessary to extend the discussion further in this opinion, and upon authority of that case we think the judgment below should be affirmed.

Judgment affirmed.