R. B. RAYBERN AND CO. ET AL. *v.* THE INDIANA EMPLOYMENT SECURITY BOARD ET AL.

[No. 20,218. Filed January 16, 1968. No Petition For Rehearing Filed.]

*Call, Call, Borns & Theodoros,* of Gary, and *Dann, Backer & Pecar,* of Indianapolis, *Benjamin R. Cohen* and *Louis M. Shapera,* both of Chicago, Illinois, of counsel, for appellants.

*John J. Dillon,* Attorney General, *Keith Campbell* and *John T. Carmody,* Deputy Attorneys General, for appellees.

CARSON, C. J.—This is a review of an administrative order of The Indiana Employment Security Board. Each of the appellants filed a claim for adjustment or refund with the audit section of the Employment Security Division. The claims were denied by the audit section and were thereafter referred to a Liability Referee.

Two questions were presented to the Liability Referee: First, were the salesmen of the appellants "covered employees" under the Employment Security Act, Acts of 1947, Chapter 208, Sections 801 and 802, Burns' Ind. Stats. Anno., Sections 52-1532 and 52-1532a; and secondly, were the contributions paid by the appellants on these salesmen, erroneously collected and therefore subject to refund under Acts of 1947, Chapter 208, Section 3321, Burns' Ind. Stats. Anno., Section 52-1557t.

The Liability Referee found in favor of the appellants that the salesmen involved were on a commission basis and were not employees within the provisions of the first two sections of the Act above cited.

The Liability Referee found against the appellants that the contributions paid by appellants and collected by the Indiana Employment Security Division were not erroneously collected and affirmed the board's determination denying the appellants' application for a refund. It is from this finding and decision which the appellants seek review and reversal by this court as being contrary to law. The assignment of errors as amended with approval of this court reads as follows:

"1. That the decision of the Liability Referee is contrary to law.

"2. That the decision of the Liability Referee is contrary to law in that he erred in his conclusions that Appellants had not registered a timely protest to the payment of contributions, and had not perfected an appeal within the prescribed statutory time.

"3. That the decision of the Liability Referee is contrary to law in that he erred in his conclusion that the contributions paid by Appellants on remuneration paid their salesman, for periods and in amounts set forth in their petitions, were voluntarily paid, and therefore, not erroneously collected by the Indiana Employment Security Board, and therefore, not refundable."

There is no dispute with the form of the exhibits filed upon which the refund was claimed and no dispute on the question of whether or not they were timely filed. This case must be

decided entirely upon construction of the language of the statute. The section of the statute pertinent in this case is Section 3321, *supra,* in which we quote here for clarity in the opinion:

> "Applications by employing unit for refund—Decision—Review—Adjustments and refunds.—At any time within four [4] years after the date upon which any contributions or interest thereon were paid, an employing unit which has paid such contributions or interest thereon may make application for a refund of such contributions or an adjustment thereon in connection with subsequent contribution payments. The board shall thereupon determine whether or not such contribution or interest or any portion thereof was erroneously collected and notify the employing unit in writing of its decision."

It is uncontroverted by the evidence in this case that all of the employment security contribution tax payments made by the appellants and which are the basis of the claim of refund in this application were made voluntarily.

The appellee cites Section 1006 of the Act which implies that voluntary payments by an employer shall not qualify for a refund. A careful reading of that section leads us to the conclusion that it is referring to situations where an employer voluntarily pays more than he is required to pay in order to build up his experience account and thereby reduce future contributions. We do not think Section 1006 of the Act was meant to apply to situations where the employer paid contributions on an employee who should not, by reason of the nature of his employment, have been covered under the Act.

Returning then, to consideration of Section 3321, *supra,* our research fails to disclose that our courts have ever been called upon to interpret this section. Counsel have not cited us to any cases involving its interpretation.

The Liability Referee seems to have concluded that being paid voluntarily, the contributions were not "erroneously

collected," and are not recoverable. In our opinion, this is only a partial statement of the law.

The taxes imposed by the Indiana Unemployment Compensation Act are excise and not property taxes. *Benner-Coryell Lbr. Co.* v. *Ind. Unempl. Comp. Bd.* (1940), 218 Ind. 20, 25, 29 N. E. 2d 776.

At common law generally, taxes which were voluntarily paid could not be recovered. *Culbertson, Exrx.* v. *Bd. of Com. of Fayette Co.* (1935), 208 Ind. 22, 27, 194 N. E. 638; *The United States Mortgage Co.* v. *Henderson et al.* (1887), 111 Ind. 240, 246, 12 N. E. 311; 84 C.J.S., *Taxation,* § 635, pp. 1277-1278.

The refund of taxes being generally a matter of governmental grace, the State has the authority to provide by statute therefor. 27 I.L.E., *Tax,* § 166, p. 147.

When a refund of taxes is provided for, by statute, such right does not depend on whether they were paid voluntarily or involuntarily. *Culbertson, Exrx.* v. *Bd. of Com. of Fayette Co., supra,* (1935), 208 Ind. 22, 27, 194 N. E. 638; *Board of Commissioners* v. *Millikan* (1934), 207 Ind. 142, 190 N. E. 185; 27 I.L.E., *Tax,* § 166, *supra,* at page 148.

However, the statute providing the right to refund of taxes is exclusive and it is incumbent upon the one seeking the refund to bring themselves within its terms. *Board etc.* v. *Adler* (1922), 77 Ind. App. 296, 300-301, 133 N. E. 602; *Culbertson, Exrx.* v. *Bd. of Com. of Fayette Co., supra,* at page 28; 84 C.J.S., *Taxation,* § 631, p. 1263.

Therefore, the question for our determination in the present cause is whether appellants have brought themselves within the terms of Section 3321, *supra,* or, more specific, were the taxes paid, "erroneously collected," as that term is used in such statute.

Although the General Assembly of Indiana has enacted legislation providing for the recovery, refunding or crediting

of taxes, it has not been consistent in the terms it has used in the various statutes. It has used terms such as "wrongfully assessed," "wrongfully collected," "wrongfully paid," "illegally assessed," "erroneously and illegally assessed," "illegally collected," or combinations thereof, among others. It has also, with few exceptions, left to the courts or administrative bodies the task of interpreting the various terms used.

Although our courts have not interpreted the term "erroneously collected," Judge Elliott, speaking for our Supreme Court, in *Thompson* v. *Doty* (1880), 72 Ind. 336, at page 338, stated, concerning the terms "erroneous and illegal," as follows:

> " 'Illegal' means that which lacks authority of or support from law. . . . 'Erroneous' means deviating from the law. . . . The expression 'erroneous and illegal' can only be taken to mean deviation from the law *because of a mistaken construction of the law.*" (Emphasis supplied.)

Although the authorities appear to be meager, courts of a few other jurisdictions have interpreted similarly worded tax refund statutes.

In *Lee* v. *Michigan Employment Security Commission* (1956), 346 Mich. 171, 78 N. W. 2d 309, the Supreme Court of Michigan was called upon to interpret a similar statute to ours embodying the term "erroneously collected." In that case, Lee, had "through error" filed a report to determine liability showing that he had eight or more persons employed for a period of 25 weeks. The commissioner, acting upon the information furnished, issued a liability determination finding Lee an employer within the Act, which determination was not protested or appealed but Lee paid the contributions specified for two years. The Supreme Court of Michigan upheld the decision of the Circuit Court of Oakland County in allowing the refund.

In interpreting part of the Louisiana Unemployment Compensation statute providing for the administrator to refund contributions paid, or the amount he determines were errone-

ously collected, the Court of Appeal of Louisiana, First Circuit, stated in *Higgins, Inc.* v. *Walker* (1961), 129 So. 2d 840, at page 847:

"The interpretation indulged in by the esteemed trial court in effect interpolates the defense of estoppel which, in our judgment, results in limiting and restricting the words 'erroneously collected' as used in Section 1551 to mean errors committed only by the Administrator. We believe such a result plainly contrary to the general intent of the statute under consideration. While the second paragraph of Section 1551 does indeed refer to the correction of administrative error, the first paragraph thereof unmistakably refers to all errors including, we believe, errors made by a contributing employer as well as those on the part of the Administrator. In the language employed, we detect nothing indicative of legislative intent to restrict the right to relief from error to correction of administrative [sic] error only. The right to relief is not dependent upon whether the department computed the tax correctly on the basis of available information but whether the tax was, in final analysis, correct. If plaintiff is in fact a successor (which defendant seems to concede) and entitled to the benefit of the experience rating of its predecessor, then the excess charges predicated upon a less favorable experience rating were collected in error and, pursuant to the provisions of Section 1551, plaintiff is entitled to seek recovery thereof within the three-year period specified therein."

We agree with the holdings in the above cases and the reasoning of the Louisiana Court. The fact that there were mutual mistakes in the Michigan decision, as pointed out by appellees in their answer brief, is immaterial as the rate was set by the commission on the basis of the information supplied it by the employer who was in error in such information. Likewise, appellees attempt to distinguish the *Higgins* case on immaterial grounds, in our opinion.

Our General Assembly in 1967 amended Section 3321, *supra*, by substituting the term "erroneously paid or wrongfully assessed," for the term "erroneously collected." (§ 52-1557(t), 1967 P.P.) The case before us arose prior to this amendment but we refer to it as showing, in our opinion, that the legislative intent was to provide refunds for contributions paid by employers in error.

We are of the opinion, from a consideration of the Employment Security Act, and other taxing statutes in Indiana, decisions of our Supreme and Appellate Courts regarding the recovery or refunding of taxes and those decisions of other jurisdictions on the same issue that where, as here, an employer pays contributions to the Unemployment Compensation Department under the mistaken belief that certain individuals are employees of such employer, such payments are contributions "erroneously collected" and such employer is entitled to a refund thereof if it complies with the other provisions of Section 3321, *supra.*

Appellant also argues in its brief the issue of the application of Section 3003 of the Act by the referee. Although the appellees fail to discuss this alleged ground for denying refund we are of the opinion that it has no application to this cause. It is only casually mentioned by the referee in his findings and conclusions. Similar statutes are fully discussed and held not applicable in both in Michigan and Louisiana decisions cited above.

One factor in this case that we must consider is that on various occasions, the employees covered by the payments in question, applied for and received, benefits from the Indiana Employment Security Division. We are unable to find anything in the record which indicated that the employer, appellants herein, ever objected to such payments from the employer's account. We are of the opinion that such benefits should be charged against the refund claimed by the appellants. Therefore, we reverse the decision of the audit section of the Board and of the Liability Referee and direct the Board to make the refund claimed after first deducting the benefits paid to the employees who were not within covered employment.

Finding and order reversed with instructions.

Cooper, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 232 N. E. 2d 891.